## CAMPBELL v. GREER, Appellant.

**Division Two, June 19, 1906.**

1. **APPEAL: Lost Pleadings.** The abstract contains neither the petition, answer, nor reply, and counsel on both sides concede that they are lost or destroyed, and no point is made by reason of their absence, but no attempt has been made to supply them in the way the statute provides. *Held*, that the court can not entertain the appeal, although counsel agree they were in due form, but will order the trial court to supply the lost records, and to permit appellant to perfect his appeal.

2. ———: ———: **Basis of Judgment: Power to Supply.** The foundation upon which a judgment rests in the trial court and in the appellate court on appeal, is 'the pleadings, and if they are lost the trial court alone can supply them, either because of the power conferred on it by statute, or independent of the statute because of its inherent power.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

APPELLANT ORDERED TO SUPPLY PLEADINGS.

*Russell & Deal* for appellant.

*L. W. Fisher* and *J. V. Conran* for respondent.

FOX, J.—This cause is here upon appeal by defendant from a judgment in favor of the plaintiff in the New Madrid Circuit Court.

The abstract of record in this cause properly preserves the evidence, instructions given and refused, sufficiently designates the rendition of the decree and judgment, affidavit for an appeal and the order granting the same, and the signing and filing of the bill of exceptions; but there is a fatal omission in the abstract, that is, the petition, answer and reply are nowhere to be found in it. It is true, it appears from the abstract and briefs of counsel on both sides that the original petition and other pleadings have been lost, misplaced, or destroyed, and there is no point made by reason of the absence of them; but this cannot remedy the defects in this abstract. The pleadings constitute the basis of the judgment, and its force and vitality must rest upon such pleadings. The mere fact that counsel concede that the pleadings were in correct form cannot be made the basis of action of this court.

While rule 13 of this court substantially provides that where there is no point made on the pleadings it, will be sufficient for the abstract to embrace the substance of such pleadings, yet this rule by no means contemplates that where the record discloses that there

are no pleadings in existence upon which to base the judgment, and that they have been lost or destroyed, counsel may concede that they are in proper form and request the court to proceed with its judgment without supplying such pleadings.

Legal proceedings affecting the title to real estate should in all things be regular, and we are unwilling to consent to the precedent that parties may agree upon the state of the pleadings and require this court to base its action, either in affirming or reversing the judgment, upon such agreement. The abstract of the record should at least contain the pleadings, which is the foundation upon which the judgment of the trial court, as well as of this court, must be predicated. If the pleadings are lost, misplaced or destroyed, this being a civil proceeding, section 4560, Revised Statutes 1899, furnishes the remedy for supplying them, and the agreement of counsel can by no means take the place of the regular method pointed out for supplying lost records. So far as this case is concerned, it is but little trouble to supply the pleadings; let the statement as provided by section 4560 be filed and from so much of the record as is properly here both parties seem willing that the pleadings be supplied; they can then waive the issuance of process provided by the statute, enter their appearance and consent to judgment supplying the record. From the record as supplied appellant can then make his abstract, in which he can embrace such supplied pleadings. The circuit court of New Madrid county where this case was tried, is the only court having power to supply the lost or destroyed record. Independent of the provsions of the statute, the court has the power to supply lost or destroyed records. The power is inherent in the court to control its own record and supply any losses occuring in that respect. [State v. Simpson, 67 Mo. 647; George v. Middough, 62 Mo. 549; Strain v. Murphy, 49 Mo. 337; Keen v. Jordan, 13 Fla. 327.]

197 Sup.—30

The circuit court of New Madrid county must supply these lost or destroyed records, which must furnish the basis of the judgment in this cause. If we are to act, in the absence of any pleadings, simply upon the suggestions of counsel that the pleadings are in regular form, it would furnish a precedent in many other cases for counsel to simply agree that the pleadings are all right, all this court is asked to do is to settle other legal propositions involved; this we are unwilling to do, on the ground that this court should have before it the foundation of the proceeding upon which to predicate its judgment. The judgment is here and the order granting the appeal; we at least have sufficient jurisdiction of this cause to suggest the defects in the record, and the order that appellant, if he desires to further prosecute this appeal, proceed in the circuit court of New Madrid county to supply such pleadings as provided by law, and then file in this court an amended abstract embracing such supplied record, or if there is no point made upon such supplied pleadings, state the substance of them, and such order is accordingly made.

All concur.