Theresa HIRD, Respondent,

v.

Edward HIRD, Appellant.

No. WD 47874.

Missouri Court of Appeals,
Western District.

March 22, 1994.

Wayne E. Schirmer, Moberly, for appellant.

Douglas L. Van Camp, Jefferson City, for respondent.

Before ULRICH, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

■ Edward Hird appeals the trial court's decree dissolving his marriage to Theresa Hird. He alleges that the court erred in dividing marital property and in designating property as marital and nonmarital. He also contends that the trial court erred in ordering that an amount of money which the court concluded was in the possession of either Edward or Theresa Hird to be divided equally. Because this order is unenforceable and this property remains undivided and undisposed, the trial court has not exhausted its jurisdiction and a final, appealable judgment does not exist.[1] Hence, we dismiss the appeal and remand for the trial court to divide the property.

■ In its decree of dissolution, the trial court said:

> The Court further finds that during the parties' separation, [Theresa Hird] liquidated other marital assets valued at $41,-718.10.... [Theresa Hird's] testimony was that [Edward Hird] demanded that she convert these two assets to cash and give it to him, and that she did so. The Court finds that she did in fact convert these assets to cash (currency). [Edward Hird] denies both instructing [Theresa Hird] to convert these assets to cash *and*[2] receiving the money in any form. There is nothing in the evidence to suggest that these assets do not exist and exist in the form of cash. The Court cannot determine conclusively from the evidence who has that cash or what became of it. Both parties claim not to have the $41,718.10. The Court finds that it exists, and will order it divided equally.
>
> ....
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the $41,-718.10 in cash, representing $14,146.88 proceeds from Community Federal Savings and Loan Association Savings Certificate Account No. 3089897 and $27,571.22 proceeds from Advest account, is awarded one-half to [Theresa Hird] and one-half to [Edward Hird]. If [Theresa Hird] has

---

1. Because we do not have a final, appealable judgment, we do not address Edward Hirds other contentions of error.

2. The emphasis was in the original.

possession of this cash, she is ordered to pay one-half thereof to [Edward Hird]; and if [Edward Hird] has possession of this cash, he is ordered to pay one-half thereof to [Theresa Hird].

Edward Hird contends that this portion of the trial court's decree was error, and we agree.[3]

The trial court's order that whoever has the money must pay one-half of it to the other party is not enforceable. The trial court must make a distribution of marital property which is definite and capable of enforcement. "Unless and until *all* marital property has been identified, evaluated and divided, the trial court cannot conclude the proceeding in a final judgment." *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274 (Mo.App.1979) (emphasis added); *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977).[4] Because the order as to the $41,718.10 cannot be enforced, this money remains undivided and undisposed. "Where full disposition of marital property is not accomplished, the trial court has not exhausted its jurisdiction and no final appealable judgment results." *Ravenscroft*, 585 S.W.2d at 274. Hence, we dismiss the appeal and remand for the trial court to determine who has the $41,718.10 and to divide the money.

All concur.

---

3. Theresa Hird agrees that the trial court's order "does not appear to dispose of the issue and certainly is not executable by either party." Her contention, however, that it is harmless error is without merit.

4. In *Golleher v. Golleher*, 697 S.W.2d 547, 549 (1985), this court's Eastern District said, "The failure to distribute only some property does not affect the decree's validity or finality for purposes of our review.... The remedy is a suit in equity in the court below to determine the ownership of the omitted property." This rule, how-ever, applies only when the time for appeal of the decree has expired. *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980). In *McClintock*, the Supreme Court of Missouri said, "If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment." *Id.* at 406. Edward Hird timely filed his appeal of the dissolution decree; hence, *Golleher* is not applicable.