**Nasrin TAUK, Respondent/Cross–Appellant,**

**v.**

**Nabil TAUK, Appellant/Cross–Respondent.**

**No. ED 80788.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 2003.

Alan E. Freed, Clayton, for respondent/cross-appellant.

Jeanne M. Fox, David B. Lacks, co-counsel, St. Louis, for appellant/cross-respondent.

## OPINION

GLENN A. NORTON, Judge.

Nabil Tauk ("Husband") and Nasrin Tauk ("Wife") cross-appeal the judgment dissolving their marriage. We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

 Husband is a medical doctor. He has a 43.2% interest in St. Louis Nephrology Associates, LLC. At the trial on Wife's petition for dissolution, Husband explained that the LLC's money is deposited into an account that all four doctors in the LLC use and that quarterly "the money is separated electronically . . . and then each one has his own money." The LLC's account balance at the time of trial was $641,350. Husband acknowledged that at the time of trial, there was $452,000 available for him to draw from this account. The judgment does not specifically mention by name Husband's interest in the LLC or the funds available to him in the LLC account. Instead, the trial court listed Husband's "medical practice" as marital property and awarded it to him, stating that its value was unknown.

## II. DISCUSSION

Wife contends that the judgment is not final and the appeal must be dismissed because the trial court failed to classify and divide all of the property. We agree.

 Under section 452.330 RSMo 2000, the trial court must make specific findings as to whether each asset before the court is marital property subject to division, is non-marital property to be set aside, or is property over which the disso-

lution court has no control. *In re Marriage of Bell,* 84 S.W.3d 467, 468 (Mo.App. E.D.2002). Without such findings, this Court cannot adequately determine whether the division of property is just. *Tipton v. Tipton,* 993 S.W.2d 567, 568 (Mo.App. S.D.1999). Therefore, a judgment is not final if it fails to distribute all property identified as marital or fails to make a determination that the property before the court is separate or not subject to the court's control. *Bell,* 84 S.W.3d at 468.

Here, there was evidence before the trial court showing that Husband had a 43.2% interest in the LLC and that he had money available to him in the LLC account. The award to Husband of his "medical practice" is somewhat ambiguous. We can infer that the award must at least refer to Husband's interest in the LLC. We cannot, however, infer that "medical practice" also refers to the money available for Husband to draw from the LLC account. The "draw" is not, as Husband contends, a component of his "medical practice." These assets are distinct for purposes of identifying, classifying and dividing the parties' properties: the "medical practice" is Husband's medical business, represented here by his interest in the LLC; the draw is money generated by that practice and available for Husband's withdrawal from the LLC account. It is simply unclear from this judgment whether the draw (a) was considered marital property and intended to be included in the "medical practice" award, (b) was considered marital but overlooked in the distribution of marital property, (c) was considered Husband's separate property, or (c) was deemed not to be either party's asset.[1]

---

1. If the money in the LLC account is deemed to be the retained earnings of the LLC, then it would be the LLC's property—not Husband's or Wife's—and not under the dissolution court's control to set aside or divide. *See*

*Hoffmann v. Hoffmann,* 676 S.W.2d 817, 827 (Mo. banc 1984); *see also Graves v. Graves,* 967 S.W.2d 632, 636 (Mo.App. W.D.1998); *see also* section 347.061.1. There are circumstances, however, in which retained earnings

Until the trial court's intentions with respect to this asset are clarified, we cannot determine whether the division of property is just. *See Tipton*, 993 S.W.2d at 568. The judgment is not final, and we have no jurisdiction to hear either party's appeal. By dismissing the appeals, we recognize the trial court's jurisdiction to enter a new judgment covering the entire case, from which either party will then have the right to appeal. *See In re Marriage of Clark*, 3 S.W.3d 402, 404 (Mo.App. E.D.1999).

### III. CONCLUSION

The appeals are dismissed.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concur.

may be treated as marital property or are otherwise subject to action by the trial court. *See Heineman v. Heineman*, 768 S.W.2d 130, 137 (Mo.App. W.D.1989) (retained earnings held in lieu of salary treated as spouse's income and subject to division in dissolution); *see also Graves*, 967 S.W.2d at 636 (spouse, as sole member of LLC, ordered in dissolution to cause transfer of company's property).