Kara JONUSAS, Respondent,

v.

Vytas JONUSAS, Appellant.

No. WD 63608.

Missouri Court of Appeals,
Western District.

Aug. 2, 2005.

Sandra Grant Hessenflow, Kansas City, MO, for appellant.

Terry E. Morgan, Overland Park, KS, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, PAUL M. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

Vytas Jonusas ("Husband") appeals from a judgment entered in the Circuit Court of Jackson County dissolving his marriage to Kara Jonusas ("Wife"). Specifically, Husband challenges the trial court's finding that a salary of $150,000 per year should be imputed to Husband and its award of $2,537 in child support and $1,500 per month in maintenance to Wife. Husband further challenges the judgment, asserting that the trial court improperly failed to properly divide the assets and debts of the marriage. For the following reasons, the appeal is dismissed.

Husband and Wife were married on April 22, 1995. Four children were born to the couple: Alexandria, born December 22, 1993; Claudia, born October 17, 1995;

Zachary, born November 8, 1996; and Jacob, born July 15, 1998.

Husband and Wife separated on January 1, 2001, and two years later, on January 27, 2003, Wife filed her Petition for Dissolution of Marriage. In her petition, Wife asked the court to dissolve the marriage, to award the couple joint legal custody of the children, to award her sole physical custody of the children, to divide the marital property and debts, and to award child support and maintenance. Husband timely filed an answer and counter-petition.

Shortly before trial, Husband's counsel was granted leave to withdraw as counsel for Husband, and, subsequently, Husband tried the case *pro se*. The case was heard by the trial court on September 5, October 10, and November 5, 2003.

On November 10, 2003, the trial court issued its Judgment of Dissolution of Marriage. In addition to dissolving the parties' marriage, the trial court awarded joint legal custody of the children to Husband and Wife, but named Wife their sole physical custodian with visitation granted to Husband. The trial court imputed $150,000 per year in salary to Husband and ordered Husband to pay $2,537 per month in child support. The court also ordered Husband to pay Wife $1,500 per month in maintenance for a period of three years. Husband brings three points on appeal from that judgment.

■ Before addressing any of Husband's points on appeal, however, we must consider whether the judgment of the trial court is final and appealable. Husband has raised issues related to the finality of the trial court's judgment both in his third point and in a separate motion to this court. Moreover, "the finality of a judgment is a jurisdictional prerequisite and it is the duty of this court sua sponte to determine its jurisdiction." *Crawford v.*

*Crawford*, 31 S.W.3d 451, 453 (Mo.App. W.D.2000). "When a trial court's judgment is not final, an appellate court lacks jurisdiction, and the appeal must be dismissed." *Michel v. Michel*, 94 S.W.3d 485, 488 (Mo.App. S.D. banc 2003); *see also McCord v. McCord*, 75 S.W.3d 854, 856 (Mo.App. W.D.2002); *Crawford*, 31 S.W.3d at 453.

■ When entering a decree of dissolution, Section 452.330.1 provides that the trial court "shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debt in such proportions as the court deems just." In so doing, "the trial court must make specific findings as to whether each asset before the court is marital property subject to division, is non-marital property to be set aside, or is property over which the dissolution court has no control." *Tauk v. Tauk*, 109 S.W.3d 188, 189 (Mo.App. E.D.2003). The court is then required to set apart to each spouse each spouse's non-marital property and to divide the marital property and debt as it deems just. *McAllister v. McAllister*, 101 S.W.3d 287, 293 (Mo.App. E.D.2003); *Michel*, 94 S.W.3d at 488. Moreover, " '[t]he trial court must make a distribution of marital property that is definite and capable of enforcement.' " *McCord*, 75 S.W.3d at 856 (quoting *Crawford*, 31 S.W.3d at 453). "Without such findings, this Court cannot adequately determine whether the division of property is just." *Tauk*, 109 S.W.3d at 189.

■ "Countless decisions hold that a trial court, not fully dividing the property of the dissolution participants, does not exhaust its jurisdiction; consequently, such decrees are not final judgments from which an appeal can be taken." *Michel*, 94 S.W.3d at 488. Hence, a dissolution decree is not final and appealable unless it

disposes of all of the marital property and debts.[1] *Id.*

In their respective petitions for dissolution, both Husband and Wife averred that the parties had accumulated marital property and marital debts over the course of the marriage and requested that the court divide all of the marital property and debts in a fair and equitable manner. At trial, Wife introduced into evidence a statement of marital and nonmarital assets and debts, and, while testimony related to the marital property was sparse, testimony was offered by the parties about bank accounts held by the couple during the marriage and debts that had been incurred during the course of the marriage. Despite the parties' request that the court divide the marital property and debts and evidence indicating the existence of at least some marital property and marital debts, in its decree of dissolution, the only reference made by the trial court to the couple's marital property and debts was a finding that "[t]he marital property has been equitably distributed by the parties."

That finding does not satisfy the trial court's obligation to equitably divide all of the couple's marital property and debts in a manner that is definite and capable of enforcement. The judgment references only the marital property. No findings were made related to any of the debts that were testified to at trial as having been incurred during the course of the marriage, either dividing those debts or declaring them to be nonmarital or nonexistent. Accordingly, the judgment cannot be viewed as having divided all of the marital debts as required by § 452.330.1. *Garrett–Oliver v. Oliver,* 113 S.W.3d 698, 698 (Mo.App. S.D.2003). Because the trial court made an incomplete finding by not dividing all of the marital assets and debts, "the trial court has not exhausted its jurisdiction, it has not disposed of all issues, and its judgment is not a final judgment from which an appeal can be taken." *Michel,* 94 S.W.3d at 489.

Moreover, the portion of the judgment related to marital property is neither definite nor is it capable of enforcement, and it is insufficient to allow this Court to review the fairness of the distribution.[2] Accordingly, the lack of definiteness in the judgment related to what marital property was awarded to each spouse likewise results in a failure of the judgment to properly distribute the marital property and warrants dismissal of the action. *See Hird v. Hird,* 872 S.W.2d 605, 606 (Mo.App. W.D.1994).[3]

1. "Until § 452.330.1 was amended in 1998, trial courts were not statutorily obligated to allocate marital debts because debts incurred during marriage were not marital property." *Michel v. Michel,* 94 S.W.3d 485, 488 (Mo. App. S.D.2003). "However, the 1998 amendment to the statute *requires* a trial court to divide 'the marital property and *marital debts.*'" *Id.* (emphasis in original). "The 1998 amendment to § 452.330.1 is a clear, unmistakable expression of the legislative intent to make the division of marital debts an issue in a dissolution case much like it had previously made the division of marital property an issue in such litigation." *Id.* Hence, "a dissolution decree can only be final and appealable if it disposes of marital debts." *Id.* at 489.

2. Because it is impossible to review the fairness of the division or to even ascertain the extent of the property and debt assigned to each spouse under the judgment, this Court would likewise be unable to fully review the propriety of the maintenance award because "in determining the amount of maintenance the trial court necessarily must consider the property division." *Elrod v. Elrod,* 144 S.W.3d 373, 381 (Mo.App. S.D.2004).

3. In *Hird v. Hird,* 872 S.W.2d 605, 605 (Mo. App. W.D.1994), the trial court found that the wife had liquidated $41,718.10 in assets and either gave the money to her husband or kept it herself, depending upon whose testimony was to be believed. The judgment stated that the court could not determine who was in posses-

 For the foregoing reasons, we must dismiss Husband's appeal. *Teeter v. Teeter*, 114 S.W.3d 882, 883 (Mo.App. S.D. 2003); *Hird*, 872 S.W.2d at 606. " 'The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case.' " *McCord*, 75 S.W.3d at 858 (quoting *Crawford*, 31 S.W.3d at 453). Because the trial court has not been divested of jurisdiction, that court retains control over every phase of the case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. *Reynolds v. Reynolds*, 109 S.W.3d 258, 270 (Mo.App. W.D. 2003). "Either or both of the parties will then have the right to appeal the circuit court's new decree of dissolution." *Livingston v. Livingston*, 58 S.W.3d 687, 689 (Mo.App. W.D.2001).

The appeal is dismissed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

sion of that money. *Id.* The trial court awarded half of that money to husband and half to wife, ordering whoever was in possession of the money to convey half of the money to the other spouse. *Id.* at 605–06. This Court held that this money remained undivided and undisposed because the trial court's judgment could not be enforced. *Id.* at 606.