Amy Jo **HETHERINGTON**,
Respondent,

v.

Thomas Edwin **HETHERINGTON**,
Appellant.

No. ED 88388.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 2007.

Nathan S. Cohen, Clayton, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The husband, Thomas Hetherington, appeals the judgment entered by the Circuit Court of St. Louis County in this dissolution-of-marriage action between him and his wife, Amy Hetherington. The husband challenges multiple aspects of the property and debt division, the child-support award, and the maintenance award. However, because the trial court's judgment is not a final, appealable judgment, we dismiss the husband's appeal for lack of jurisdiction.

The parties married in 1996 and have one child, born in 2000. The parties separated in 2004, and the wife filed a petition for legal separation. The husband filed an answer and a counter-petition for dissolution of marriage. On the day of trial, the court granted the wife leave to amend her petition for legal separation to a petition for dissolution of marriage, allegedly pleading facts in support of a maintenance award for the first time. Thus, the parties proceeded to trial on the petition and counter-petition for dissolution of marriage. The husband contends that the court file does not contain the amended petition. Indeed, the court minutes do not reflect that the wife's amended petition was filed, and the record on appeal does not include a file-stamped copy. It may be that the amended petition was lost.

Following trial, the court awarded the marital residence and certain other property to the wife, awarded certain property to the husband, divided some of the parties' debts, ordered the husband to pay maintenance and child support to the wife, and ordered the husband to pay $7,500 toward the wife's attorney fees. The husband appeals, asserting five points of error concerning property and debt division, the child-support award, and the maintenance award. The husband also specifically alleges that the trial court did not apportion the mortgage debt on the marital residence.

Because we agree that the trial court failed to apportion the mortgage debt, the judgment is not final and we lack jurisdiction to adjudicate the points of error. An appellate court must always determine whether it has jurisdiction of an appeal. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). A final judgment is a prerequisite for appellate review. *Id.; Jonusas v. Jonusas*, 168 S.W.3d 117, 119 (Mo.App. W.D.2005). When the trial court's judgment is not final, we lack jurisdiction and must dismiss the appeal. *Id.; Michel v. Michel*, 94 S.W.3d 485, 488 (Mo.App. S.D.2003). Section 452.330.1 RSMo. (2000)[1] requires the court in a dissolution action to divide the parties' marital property and marital debts. Where a trial court has not divided all of the marital assets and debts, it has not exhausted its jurisdiction, it has not disposed of all issues, and its judgment is not a final, appealable judgment. *Jonusas*, 168 S.W.3d at 120; *Michel*, 94 S.W.3d at 489. Here, the trial court did not apportion the mortgage debt on the marital

---

1. All statutory references are to RSMo. (2000).

residence. We find other impediments to our jurisdiction in addition to the incomplete debt allocation. The judgment also fails to dissolve the parties' marriage and to explicitly award legal and physical custody of the parties' minor child. Consequently, we dismiss the appeal for lack of jurisdiction.

The parties have requested that we preserve what we can of the trial court's judgment because of the expense and effort they have already invested in this litigation. This we cannot do. Because the judgment is not final and appealable, we have no jurisdiction to affirm any part of the trial court's judgment. The converse of our lack of jurisdiction is the continuing jurisdiction of the trial court to enter a new judgment covering all aspects of the case. *Jonusas*, 168 S.W.3d at 121.

Thus, the trial court retains authority over all aspects of the litigation and may correct errors, or in its discretion, may modify or set aside its orders and judgments until judgment becomes final.[2] *Id.* Because the trial court retains jurisdiction, it may allow the wife to replace the missing amended petition seeking, *inter alia*, a dissolution of marriage and maintenance.[3]

We dismiss the appeal.[4,5]

GLENN A. NORTON, P.J., and
KENNETH M. ROMINES, J., concur.

**2.** We understand that, due to the routine reassignment of judges in the St. Louis County Circuit Court, the matter may be assigned to a new judge upon our dismissal. The new judge may require the parties to retry the matter or may choose to rely on transcribed evidence supplemented, where necessary, with newly adduced evidence. The new judge may need to hear new or supplementary evidence to assist in credibility determinations and to avoid problems of staleness. Section 452.330.1 requires the court to consider the economic circumstances of each party at the time the property division is to become effective. "If the effective date of [property] distribution is not reasonably proximate to the date of valuation, the court should hold another hearing to establish valuation as close to the effective date of the division as possible." *Morgan v. Ackerman*, 964 S.W.2d 865, 868 (Mo.App. E.D.1998) (quoting *In re Marriage of Gustin*, 861 S.W.2d 639, 644 (Mo.App. W.D. 1993)). "[C]hild support and maintenance awards also require consideration of current economic circumstances...." *Id.* at 869. *See also, Perryman v. Perryman*, 117 S.W.3d 681, 683–85 (Mo.App. E.D.2003) (following dismissal of earlier appeal for lack of a final judgment, trial court erred in distributing property and awarding maintenance based solely on previous judge's findings, which were then over thirty months old).

**3.** "The pleadings constitute the basis of the judgment, and its force and vitality must rest upon such pleadings." *Campbell v. Greer*, 197 Mo. 463, 95 S.W. 226, 226 (1906). The circuit court where the case was tried is the only court with the power to supply the missing record. *Id.* Section 109.160 provides one mechanism for replacing a pleading that is missing from the court file.

**4.** We assume that the parties will ask the trial court to address other complaints or error they have advanced in this appeal.

**5.** The wife sought to rely on Eastern District Special Rule 370(b) to supplement the record on appeal with material concerning the husband's new employment and income. We have granted the husband's motion to strike the wife's supplemental exhibit. Rule 370(b) allows counsel to call the Court's attention to intervening decisions or new legal developments. *State ex rel. Presbyterian Church of Washington v. City of Washington*, 911 S.W.2d 697, 699 n. 3 (Mo.App. E.D.1995). As is obvious, the rule should not be abused by referring to facts outside the record. Because the wife also included these matters outside the record in her brief and appendix, we grant the husband's motion to strike respondent's brief and portions of respondent's appendix.