**Suzanne Therese GILSTRAP, Respondent,**

v.

**Jon Russell GILSTRAP, Appellant.**

**No. WD 67712.**

Missouri Court of Appeals, Western District.

Oct. 2, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2007.

Michael W. Blanton, Kansas City, MO, for appellant.

Daniel P. Card, II, Saint Charles, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, HAROLD L. LOWENSTEIN, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Jon Gilstrap ("Husband") appeals from a judgment entered in the Circuit Court of Boone County dissolving his marriage to Suzanne Gilstrap ("Wife"). More specifically, he challenges the trial court's award of maintenance to Wife and several aspects of the division of marital property.

Husband and Wife were married on June 4, 1982. Three children were born of the marriage: Jon, born October 22, 1985; Charles, born February 8, 1989; and Natalie, born January 12, 1996. Husband was employed as a stockbroker for A.G. Edwards and was eventually made vice-president and manager of the Jefferson City office. Wife was not employed outside of the home over the final twenty years of the marriage.

The couple separated on January 15, 2004, and on October 29, 2004, Wife filed a petition to dissolve the marriage. After the case was tried to the court, on August 7, 2006, the trial court issued its judgment dissolving the marriage. After both parties filed motions to amend the judgment, the court issued an amended judgment on November 7, 2006. Subsequently, the court, acting *sua sponte*, entered second and third amended judgments. The couple was granted joint legal custody of the children, Wife was given sole physical custody, and Husband was ordered to pay $2,104 per month in child support. The court ordered Husband to pay Wife $5,000 per month in maintenance for 120 months and divided the marital and non-marital property. Husband brings seven points on appeal.

In his final point, Husband raises an issue that calls into question the finality

of the trial court's judgment. Accordingly, we must first address that issue to determine whether the trial court's judgment is final and appealable. *Jonusas v. Jonusas,* 168 S.W.3d 117, 119 (Mo.App. W.D.2005). "[T]he finality of a judgment is a jurisdictional prerequisite and it is the duty of this court sua sponte to determine its jurisdiction." *Id.* (internal quotation omitted). "When a trial court's judgment is not final, an appellate court lacks jurisdiction, and the appeal must be dismissed." *Michel v. Michel,* 94 S.W.3d 485, 488 (Mo.App. S.D. banc 2003).

Husband claims on appeal that the trial court improperly failed to account for a marital debt associated with a boat that had been owned by the couple in dividing the marital property and debts. The debt associated with that boat loan was referenced in all of the statements of marital and non-marital property and debts filed by both Husband and Wife. Husband testified at trial that the couple had owned a boat that was sold prior to trial but that they still owed $39,051.44 on the $122,027.00 loan they had taken out to purchase the boat. Husband also submitted into evidence a computer printout of the payments made on that loan which reflected an outstanding balance of $39,051.44. Wife has not challenged the existence of that debt either at trial or on appeal. Despite evidence of the existence of this debt, it is not mentioned anywhere in the trial court's judgment, either including it in the division of marital property and debt or declaring it to be non-marital or nonexistent.

■ "Section 452.330.1 requires a trial court to divide the parties' marital debts as well as their marital property." *In re Marriage of Rhoads,* 209 S.W.3d 24, 30 (Mo.App. S.D.2006). In dividing the marital property and debts, "the trial court must make specific findings as to whether each asset before the court is marital prop-

erty subject to division, is non-marital property to be set aside, or is property over which the dissolution court has no control." *Tauk v. Tauk,* 109 S.W.3d 188, 189 (Mo.App. E.D.2003). "The court is then required to set apart to each spouse each spouse's non-marital property and to divide the marital property and debt as it deems just." *Jonusas,* 168 S.W.3d at 119.

■ "By not dividing all of the marital debts as mandated by § 452.330.1, 'the trial court has not exhausted its jurisdiction, it has not disposed of all issues, and its judgment is not a final judgment from which an appeal can be taken.'" *In re Marriage of Rhoads,* 209 S.W.3d at 30 (quoting *Michel,* 94 S.W.3d at 489). We, therefore, are left with no alternative but to dismiss Husband's appeal for lack of jurisdiction as a result of the absence of a final judgment. *Id.* at 30–31.

Husband's appeal is dismissed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.