**Paul ROGERS, Appellant,**

v.

**Linda Lee ROGERS, Respondent.**

**No. WD 68175.**

Missouri Court of Appeals,
Western District.

May 27, 2008.

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

Neysa L. Day, Kansas City, MO, for appellant.

J. Eric Mitchell, Clinton, MO, for respondent.

Before VICTOR C. HOWARD, C.J., JOSEPH P. DANDURAND, and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant Paul Rogers appeals the circuit court's Judgment Entry dissolving his marriage to Respondent Linda Lee Rogers. Because the trial court failed to address the distribution of a significant, presumptively marital debt which was the subject of testimony at trial, its judgment

is neither final nor appealable; we therefore dismiss this appeal for lack of jurisdiction.

## I.  Introduction

On June 27, 2006, Appellant filed a petition for dissolution of marriage with the circuit court. Respondent filed an answer and counter-petition on July 13, 2006. After Appellant voluntarily dismissed his petition without prejudice, the case was tried on Respondent's counter-petition. Neither Appellant nor his counsel appeared at or participated in the trial.

On February 15, 2007, the circuit court issued its Judgment Entry dissolving the Rogers' marriage, and ordering that specific assets and debts be apportioned to Appellant and Respondent in their individual capacities.

Appellant asserts three Points on appeal. Because we have determined that we lack jurisdiction, we dismiss without addressing the merits of Appellant's claims.[1]

## II.  Analysis

■ In his second Point Relied On, Appellant alleges that the circuit court erred in failing to divide all of the parties' marital debt. Specifically, Appellant states that there was evidence at trial of a debt to American Express incurred during the marriage, and that the circuit court erred by failing to order this debt's disposition in its judgment as required by § 452.330.1.[2]

---

1. Neither party argued that the trial court's failure to expressly address all marital debt in its Judgment Entry created a defect in appellate jurisdiction. Nevertheless, we have an obligation to consider this jurisdictional issue *sua sponte*. *Gilstrap v. Gilstrap*, 238 S.W.3d 196, 198 (Mo.App. W.D.2007); *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo.App. W.D. 2000).

2. All statutory references are to the RSMo 2000 and 2007 Cumulative Supplement.

Appellant's Brief states that "[s]ignificant debt, *including that to American Express, is* not divided at all," but he fails to identify any *other* "[s]ignificant debt" that the trial court failed to distribute. The identification, valuation, and division of all relevant assets and

"Section 452.330.1 governs the trial court's division of property in a dissolution and sets forth a two-step process for division of property: (1) the court must first set aside to each spouse his or her nonmarital property; and (2) then divide the marital property and debts in such proportions as the court deems just." *Bohon v. Bohon,* 102 S.W.3d 107, 109 (Mo.App. W.D.2003)(citing *Ballard v. Ballard,* 77 S.W.3d 112, 116 (Mo.App. W.D.2002)). Complete compliance with this two-step process is mandatory under the statute's plain terms: "the court *shall* set apart to each spouse such spouse's nonmarital property and *shall* divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors." § 452.330.1 (emphasis added).

"Section 452.330.1 requires a trial court to divide the parties' marital debts as well as their marital property." In dividing the marital property and debts, "the trial court must make specific findings as to whether each asset before the court is marital property subject to division, is non-marital property to be set aside, or is property over which the dissolution court has no control."

*Gilstrap v. Gilstrap,* 238 S.W.3d 196, 198 (Mo.App. W.D.2007) (citations omitted); *accord, Jonusas v. Jonusas,* 168 S.W.3d 117, 119 (Mo.App. W.D.2005).

At trial, Respondent testified regarding debt owed by the parties to American Express.[3] Specifically, she testified that Ap-

pellant incurred debt to American Express in her name in the amount of $45,000.00.[4] Respondent stated that she did not authorize Appellant to incur this debt, nor was she aware of it at the time.

The trial court's Judgment Entry makes no mention of the American Express debt.

The Missouri Supreme Court has held that, " '[i]f [ ] *undistributed property* is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.' " *Meltzer v. Meltzer,* 775 S.W.2d 120, 120–21 (Mo. banc 1989) (emphasis added; citation omitted). Following *Meltzer,* we have dismissed multiple appeals where the dissolution decree left marital *property* undistributed. *See, e.g., McCord v. McCord,* 75 S.W.3d 854, 855–57 (Mo. App. W.D.2002); *Crawford v. Crawford,* 31 S.W.3d 451, 453 (Mo.App. W.D.2000); *Spauldin v. Spauldin,* 945 S.W.2d 665, 668 (Mo.App. W.D.1997).

Although we previously held that the trial court's failure to apportion *debts* did not affect the finality of a dissolution judgment or this Court's jurisdiction on appeal, *Fiorani v. Fiorani,* 720 S.W.2d 438, 444 (Mo.App. W.D.1986), the legislature amended § 452.330.1 in 1998 to expressly require the circuit court to apportion marital debt—like marital property—as part of its dissolution decree. Since the 1998

---

liabilities can of course be addressed by the trial court in future proceedings.

**3.** Respondent testified that this debt was incurred through "notes as well as credit cards." Because it is unclear on appeal precisely how this debt was incurred, we will refer to it simply as the "American Express debt."

**4.** At trial, Respondent testified that Appellant told her that this debt was being pursued by a collection agency, and "that they were after him to pay the balance left on the $10,000.00." Respondent's Amended Statement of Marital and Non–Marital Property and Liabilities, however, states that the "Current Balance" of the debt is $45,000.00. This disparity must be resolved by the trial court in the first instance.

amendments, courts have held that the principles governing the apportionment of marital debt are similar to those governing the division of marital property, and that the trial court is subject to the same mandatory, statute-based obligation to distribute marital debt as it is to distribute marital property. *In re Marriage of Elliott,* 179 S.W.3d 323, 326 (Mo.App. S.D.2005) ("Section 452.330.1 requires that 'marital debts be divided along the same principles as marital property is divided.'" (citation omitted)).

Given the post–1998 parity between the treatment of marital property and marital debts in a dissolution proceeding, *Meltzer's* jurisdictional analysis is equally applicable to a trial court's failure to expressly distribute marital debt. Thus, *Michel v. Michel,* 94 S.W.3d 485 (Mo.App. S.D.2003) *(en banc )*, explained:

Until § 452.330.1 was amended in 1998, trial courts were not statutorily obligated to allocate marital debts because debts incurred during marriage were not marital property. However, the 1998 amendment to the statute requires a trial court to divide "the marital property and marital debts." § 452.330.1 (emphasis supplied).

. . . .

The 1998 amendment to § 452.330.1 is a clear, unmistakable expression of the legislative intent to make the division of marital debts an issue in a dissolution case much like it had previously made

the division of marital property an issue in such litigation. . . .

. . . [G]iving the language of § 452.330.1 its plain and ordinary meaning, we are persuaded the legislature intended to make the division of marital property and marital debt equal issues without distinguishing between the two. *Id.* at 488–89 (citations omitted). Given that marital debts are now subject to distribution to the same degree as marital property, *Michel* held that *Meltzer* requires dismissal of an appeal where marital debts known to the trial court are not addressed in its decree. *Id.* at 489.

Following the 1998 amendments to § 452.330.1, we have followed *Michel* and dismissed appeals where the trial court's dissolution judgment failed to expressly address marital debts of which evidence was presented prior to expiry of the time for appeal. *Gilstrap v. Gilstrap,* 238 S.W.3d 196, 198 (Mo.App. W.D.2007); *Rife v. Rife,* 207 S.W.3d 199, 201 (Mo.App. W.D. 2006) (evidence of undistributed debt submitted to trial court in timely post-judgment motion); *Jonusas v. Jonusas,* 168 S.W.3d 117, 120 (Mo.App. W.D.2005) ("No findings were made related to any of the debts that were testified to at trial as having been incurred during the course of the marriage, either dividing those debts or declaring them to be nonmarital or nonexistent."). Other courts have done likewise. *See, e.g., Hetherington v. Hetherington,* 230 S.W.3d 21, 22–23 (Mo.App. E.D.2007); *In re Marriage of Rhoads,* 209 S.W.3d 24, 30–31 (Mo.App. S.D.2006).[5]

5. Where the parties discover or inform the trial court of undistributed property after the time to appeal has run, the belated discovery does not affect the finality of a dissolution decree; the parties' remedy instead lies in a separate suit in equity between the former spouses. *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988); *Henning v. Henning,* 72 S.W.3d 241, 246 (Mo.App. W.D.2002). That rule has no application here, however, because as we have noted both the trial exhibits and trial testimony made express reference to the American Express debt. *McCord v. McCord,* 75 S.W.3d 854, 858 (Mo.App. W.D. 2002) (omission of undistributed property from judgment destroys finality where the property "was discovered before the time for appeal had run, and the issue was presented with the appeal"); *Henning,* 72 S.W.3d at 246 (distinguishing cases finding a jurisdictional

Respondent contends that the trial court's failure to expressly apportion the American Express debt is harmless, arguing that Appellant "incurred this debt . . . without Respondent's authority or knowledge," and that accordingly "this debt is Petitioner's separate debt and the trial court was not required to allocate this debt among the parties."

There are at least three fundamental problems with Respondent's argument, however. First, nothing in the Judgment Entry (or otherwise) indicates that the trial court credited her testimony that this debt was incurred without her knowledge or authorization.

■ Second, Respondent's mere testimony that Appellant incurred the debt unilaterally (but apparently in *her* name) would not of its own force render this debt non-marital. " 'The phrase "marital debts" encompasses all debts incurred during the marriage, either jointly or separately.' " *Dunnagan v. Dunnagan*, 239 S.W.3d 181, 187 (Mo.App. S.D.2007) (citation omitted). "[M]arital debt is debt incurred subsequent to commencement of the marriage unless an exception applies." *Rawlings v. Rawlings*, 36 S.W.3d 795, 798 (Mo.App. W.D.2001); *Ludwig v. Ludwig*, 126 S.W.3d 466, 478 (Mo.App. W.D.2004). Moreover, " '[t]he fact that one spouse did not control or actively participate in the decision to incur a debt does not preclude its allocation to that spouse where it is

determined to be marital debt.' " *Travis v. Travis*, 163 S.W.3d 43, 49 (Mo.App. W.D. 2005) (quoting *Rawlings*, 36 S.W.3d at 798). Because this American Express debt was incurred by the Rogers during their marriage, there is a rebuttable presumption that this debt was "marital debt." The trial court's Judgment Entry does not find that this presumption had been overcome and that the American Express debt is in fact Appellant's "separate debt" as Respondent contends.[6]

Finally, even if properly characterized as "non-marital," as we explained above the trial court's judgment was required to expressly set the American Express debt aside to Appellant as his non-marital debt.

Because of the trial court's failure to address the American Express debt in any fashion, despite the clear references to that post-marital debt both in the exhibits and trial testimony, its Judgment Entry is not final or appealable, and this appeal must be dismissed.

" 'The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case.' " Because the trial court has not been divested of jurisdiction, that court retains control over every phase of the case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becom-

---

defect, because in *Henning* "no evidence regarding the [undistributed property] was offered at trial").

6. While the trial court may retain the discretion to allocate the American Express debt between the parties as the circumstances warrant, we question whether the court could properly find the debt to be "non-marital" under the narrow exceptions recognized in this Court's prior cases. *See Ludwig*, 126 S.W.3d at 478 (even where parties maintained separate credit cards and bank accounts, a

written agreement was required "to defeat the presumption that the debts are marital property"); *Rawlings*, 36 S.W.3d at 798–99 (although "since their marriage, the parties, by mutual agreement, kept separate finances, including separate checking accounts and credit cards," finding that trial court abused its discretion in denominating debts as non-marital where "[t]he parties [ ] never entered into a specific written agreement prior to or during the marriage that each would be responsible for his or her own debts").

ing final and appealable. "Either or both of the parties will then have the right to appeal the circuit court's new decree of dissolution." *Jonusas*, 168 S.W.3d at 121 (citations omitted). Because of the " 'inseparable connection between the allocation of marital debt and the fair and equitable division of marital property,' " "the trial court may wish to consider additional evidence" on remand concerning both the American Express debt, and other issues surrounding the property division, before entering its final judgment. *Michel*, 94 S.W.3d at 489–90 (quoting *Crawford v. Crawford*, 31 S.W.3d 451, 453 n. 1 (Mo.App. W.D.2000)).

Because this appeal must be dismissed and further proceedings will occur in the trial court, we take the opportunity to remind the parties and the court of certain principles with which the court's final judgment must conform. *Cf. McCord v. McCord*, 75 S.W.3d 854, 858 n. 2 (Mo.App. W.D.2002); *Spauldin v. Spauldin*, 945 S.W.2d 665, 668–69 (Mo.App. W.D.1997). First,

> [a]lthough the trial court is not expressly required to assign specific values to marital property in its judgment, evidence from which the value of the marital property can be determined must appear in the record. In the absence of such evidence, there can be no meaningful appellate review to determine if, in fact, the division of property was fair and equitable.

*Svejda v. Svejda*, 156 S.W.3d 837, 840 (Mo.App. W.D.2005) (citations omitted); *see also Hoecker v. Hoecker*, 188 S.W.3d 497, 502 (Mo.App. W.D.2006). Second, the trial court's ultimate property distribution must be guided by the principle that " 'the division of marital property should be substantially equal unless one or more statutory or relevant non-statutory factors causes such a division to be unjust.' " *Bohon v.*

*Bohon*, 102 S.W.3d 107, 110 (Mo.App. W.D. 2003) (quoting *Hatchette v. Hatchette*, 57 S.W.3d 884, 889 (Mo.App. W.D.2001)); *see also Milne v. Milne*, 138 S.W.3d 162, 169 (Mo.App. W.D.2004) ("Although the trial court has great flexibility and discretion in dividing property, without substantial evidence that would justify disproportionality, we conclude that the [64%–36%] division in this case constitutes an abuse of discretion." (citation omitted)). Finally,

> [w]here real estate is affected by a dissolution decree either by setting apart non-marital property and thereby extinguishing one spouse's claim through the marriage relationship or by division of marital property as equivalent to conveyance, full legal descriptions must be included in the judgment.

*Lance v. Lance*, 979 S.W.2d 245, 248 (Mo. App. W.D.1998) (citation omitted), *quoted and followed in Hughes v. Hughes*, 247 S.W.3d 59, 62 (Mo.App. W.D.2008); *see also In re Marriage of Tanner*, 245 S.W.3d 922, 923 (Mo.App. E.D.2008) (because "the omission [of legal descriptions of affected properties] in the judgment will impact the chain of title to these properties," finding that failure to include such descriptions "merits plain error relief" although issue wholly unpreserved below). While we have not resolved the merits of Appellant's arguments concerning these issues, we observe that Appellant raised at least colorable arguments on each score, which the trial court may wish to address on remand.

## III. Conclusion

The circuit court was required to make an express determination as to whether the American Express debt was marital or non-marital and, depending on its conclusion, issue an order allocating this debt. The circuit court's failure to do so renders its Judgment Entry fatally incomplete, non-final, and non-appealable. This appeal

is accordingly dismissed for want of jurisdiction.

All concur.