**Pamela Kaye GILLETTE,
Petitioner–Appellant,**

**v.**

**Reggie Lynn GILLETTE, Respondent–
Respondent.**

**No. SD 32605.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 2013.

Justin L. Kelley, Dexter, MO, for appellant.

Shannon W. Morgan, Kennett, MO, for respondent.

MARY W. SHEFFIELD, J.

Pamela Kaye Gillette ("Wife") appeals the trial court's judgment dissolving Wife's marriage to Reggie Lynn Gillette ("Husband"). Wife raises three points on appeal regarding the valuation and division of marital property. We cannot address the merits of Wife's points because there is no final judgment. Consequently, the appeal is dismissed.

### Factual and Procedural Background

The parties were married in 1988, and there was one child ("Daughter") born of the marriage.[1] On September 26, 2008, Wife filed a petition for dissolution of her marriage to Husband. In addition to dissolution of the marriage, Wife sought a custody determination regarding Daughter and division of the marital property and debts. Husband filed an answer and counter petition for dissolution of marriage.

A trial was held on September 15, 2011. By the time of trial, Daughter was over the age of 18 and was attending college in Arkansas.

Most of the testimony at trial concerned the parties' various assets and debts. Husband was self-employed in the construction industry. Both parties furnished estimates on the valuation of the construction business as well as on real estate, personal property, and retirement accounts. This Court will not recount those in any detail due to its decision.

The trial court entered its judgment dissolving the parties' marriage on October 31, 2012. The trial court concluded an unequal distribution of marital property was just and proper. Although the trial court did list values and divide much of the property, the trial court did not make any division of property regarding the construction business. Furthermore, the trial court divided the household goods and personal property by reference to a document entitled "Exhibit 1." Unfortunately, no "Exhibit 1" was ever attached nor produced, either for the parties or for this Court. According to the trial court's calculations, Wife received 48 percent of the marital property while Husband received 52 percent of the marital property.

On November 30, 2012, Wife filed a post-trial motion seeking a new trial. In that motion she alleged the trial court erred because, among other things, the trial court failed to provide a value for and divide Husband's construction business; and the trial court failed to include the "Exhibit 1" referenced in the judgment which provided for disposition of additional assets. The Motion for New Trial was set for a hearing, but that hearing was continued by agreement of the parties. No additional hearing was held, and the motion was overruled by operation of law. *See* Rule 78.06.[2] Wife appeals.

---

1. The testimony at trial primarily concerned the valuation of the property involved; thus, the facts regarding Daughter's birth were drawn from the petition, as they were admitted in the answer. *See Flowers v. City of Campbell*, 384 S.W.3d 305, 307 n. 2 (Mo.App. S.D.2012) ("A statement of fact asserted in one party's brief and conceded to be true in the opposing party's brief may be considered as though it appears in the record.").

2. All rule references are to Missouri Court Rules (2013).

### Discussion

In her first point, Wife claims the trial court did not enter a final judgment because the trial court "did not divide or assign a value to the construction business, household goods, personal items, or property and debts acquired in the thirteen[-]month[ ] period from the date of trial to the date judgment was entered[.]" This argument rests primarily on the fact that the judgment did not distribute the construction business and the "Exhibit 1" referenced in the judgment was not attached nor provided to the parties or this Court. This argument has merit.

"[T]he finality of a judgment is prerequisite to a valid appeal." *In re Marriage of Nardini*, 306 S.W.3d 165, 170 (Mo.App.S.D.2010). *See also* § 512.020(5), RSMo Cum.Supp. (2013). Section 452.330.1, RSMo (2000), requires the circuit court to "make specific findings as to whether each asset before the court is marital property subject to division, is non-marital property to be set aside, or is property over which the dissolution court has no control." *Nardini*, 306 S.W.3d at 170 (quoting *Jonusas v. Jonusas*, 168 S.W.3d 117, 119 (Mo.App.W.D.2005)). "The court is then required to set apart to each spouse each spouse's non-marital property and to divide the marital property and debt as it deems just." *Id.* (quoting *Jonusas*, 168 S.W.3d at 119). Thus, if a trial court fails to distribute all the property before the court, the judgment in a dissolution case is not final, and this Court lacks the statutory authority to consider the appeal. *Id.* at 171. Furthermore, "[t]he trial court must make a distribution of marital property that is definite and capable of enforcement." *Jonusas*, 168 S.W.3d at 119 (quoting *McCord v. McCord*, 75 S.W.3d 854, 856 (Mo.App.W.D.2002)). "Without such findings, this Court cannot adequately determine whether the division of property is just." *Id.* (quoting *Tauk v. Tauk*, 109 S.W.3d 188, 189 (Mo.App.E.D. 2003)).

In the present case, the judgment does not mention distribution of the construction business in the division of marital property. Furthermore, the household goods and personal property were distributed by reference to "Exhibit 1," but "Exhibit 1" was not included with the judgment. Under these circumstances, we cannot review the fairness of the distribution. *See id.* Consequently, the judgment was not final, and this Court has no authority to address the appeal. The proper course of action is to dismiss the appeal. *See Nardini*, 306 S.W.3d at 171. Wife's first point is granted.

When an appeal is dismissed under circumstances like those in the present case, the effect is to recognize the authority of the trial court "to enter a new judgment covering the entire case." *In re Marriage of Singleton*, 188 S.W.3d 468, 473 (Mo.App.S.D.2006). "Either or both of the parties will then have the right to appeal the circuit court's new decree of dissolution." *Jonusas*, 168 S.W.3d at 121 (quoting *Livingston v. Livingston*, 58 S.W.3d 687, 689 (Mo.App.W.D.2001)). As Wife's remaining points also involve the valuation and distribution of the marital property, we need not address them.

### Decision

The appeal is dismissed for lack of a final judgment.

JEFFREY W. BATES, P.J. and GARY W. LYNCH, J., concur.