

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JEFFREY A. GREENE, | ) | No. ED111742 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 20SL-DR01526 |
| | ) | |
| MELISSA A. GREENE, | ) | Honorable Amanda B. McNelley |
| | ) | |
| Appellant. | ) | |
| | ) | Filed: February 27, 2024 |

Melissa A. Greene ("Wife") appeals the circuit court's judgment dissolving her marriage to Jeffrey A. Greene ("Husband"). The circuit court's judgment is affirmed.

## Factual and Procedural Background

Husband and Wife married in 1997. In April 2020, Husband filed a petition for dissolution of their marriage. At that time, two children resided with Husband and Wife.

On July 11, 2022, Husband and Wife appeared before the circuit court and testified they reached a settlement regarding the division of their marital property, maintenance, and child support. The circuit court entered an "Order/Judgment" dissolving their marriage. The circuit court ordered Husband and Wife to file their settlement documents; parenting plans consistent with their testimony; and their "Memorandum of Understanding" within thirty days. Husband, Wife, and the circuit court filed and signed the Memorandum on the same day.

Husband and Wife largely complied with the Memorandum's terms, but they did not comply with the Court's order to file their settlement documents and parenting plans.[1] In October 2022, Husband filed a motion to enforce their settlement and enter a final judgment consistent with the Memorandum.

On January 17, 2023, the circuit court issued a final judgment dissolving the marriage. Wife filed a motion for new trial, or in the alternative, a motion to amend the judgment. Because the circuit court did not rule on this motion within ninety days, it was deemed denied. Wife appeals, claiming the circuit court failed to distribute all of their marital property and failed to include a complete and comprehensive parenting plan.[2]

## Analysis

### Division of Marital Property

Wife claims the circuit court's judgment is not final because the court did not distribute all of the marital property. Namely, Wife maintains that the court failed to divide the parties' income tax refunds. Wife asserts she timely identified this marital property to the circuit court by raising the issue in her motion for new trial.

Section 452.330, RSMo 2016,[3] governs the distribution of property in a dissolution. The circuit court must distribute "all of the property before the court" for the dissolution decree to constitute a final judgment. *Gillette v. Gillette*, 416 S.W.3d 354, 356 (Mo. App. 2013). Once the

---

[1] As the parties agreed in the Memorandum, Husband paid Wife monthly child support and maintenance; Wife was designated as the beneficiary of Husband's life insurance policies; Wife moved out of the marital home; the marital residence was contracted for sale; Wife accepted the proceeds of Husband's security account; Husband paid the loan for one vehicle; Wife transferred the possession of another vehicle to Husband; both submit expenses and communicate on a specific platform; and Wife resumed using her maiden name.

[2] Husband filed a motion, taken with the case, to dismiss this appeal, and a motion to strike Wife's reply brief. Both motions are denied.

[3] All statutory references are to RSMo 2016.

parties identify their property to be divided, the circuit court is tasked with dividing those listed assets. *In re Marriage of Nardini*, 306 S.W.3d 165, 170 (Mo. App. 2010).

Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, [to] make[ ] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor …." "Failure to do so precludes a party from obtaining appellate review of error in the [circuit] court's ruling or order." *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (quoting *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 535 (Mo. App. 1981)). This Court will not find circuit court error on an issue that was never presented to it to decide. *Interest of E.G.*, No. SC100136, __ S.W.3d __, *3 (Mo. banc Jan. 9, 2024).

Wife never placed these tax returns before the circuit court for distribution. In Wife's initial "Statement of Property," she did not identify actual or potential income tax refunds that would need to be divided. To the contrary, Wife did note there was a debt owed to the Internal Revenue Service. In June 2021, while their dissolution was pending and after filing their initial property statements, Wife claims she and Husband submitted their 2020 joint tax return.[4] Wife did not inform the circuit court of any income tax returns, but in December 2021, she submitted a new statement of property, which excluded any Internal Revenue Service debt. In July 2022, Wife testified they reached a mutually agreed upon settlement. Wife's accountant informed her,

---

[4] In other circuit court filings, Husband disputes this fact and asserts Wife has refused to sign the 2020 joint return.

at least as early as November 2022, that Wife would be unable to file a joint income tax return. Nonetheless, Wife did not identify the potential income tax refunds as marital property until after the circuit court entered a judgment on the Memorandum. In Wife's motion for new trial, she asserted she believed Husband utilized the income tax refund for his benefit, but there is no evidence these tax returns were filed or contained a refund. Wife also failed to cause her motion to be heard by the circuit court before the motion was deemed denied by operation of law.

Because Wife raised this issue for the first time in her motion for new trial, it is not preserved. *Interest of S.C.A.*, 648 S.W.3d 911, 913-14 (Mo. App. 2022). This Court will not convict the circuit court of error for failing to distribute marital property that was never presented to the circuit court for division. At the time of the circuit court's judgment, all of the known marital property had been distributed by the parties in their Memorandum. This point is denied.

*Parenting Plan*

Wife argues that the circuit court's judgment failed to comply with §§ 452.357.9 and 452.310 requirements to include a complete and comprehensive parenting plan in the dissolution judgment. Wife acknowledges that at the time the judgment was entered the two children at issue were aged twenty and seventeen, but neither had been declared emancipated.

As threshold matter, appellate courts must consider whether an issue is moot because, if so, it implicates the justiciability of an argument. *D.C.M. v. Pemiscot Cnty. Juv. Off.*, 578 S.W.3d 776, 780 (Mo. banc 2019). "When an event occurs which renders a decision unnecessary, the appeal will be dismissed." *Missouri Mun. League v. State*, 465 S.W.3d 904, 906 (Mo. banc 2015) (quoting *Humane Society of United States v. State,* 405 S.W.3d 532, 535 (Mo. banc 2013)). "Mootness indicates that a controversy existed, which was properly before the court for resolution, but was extinguished by the occurrence of some event, rendering the controversy

4

academic." *Margolis v. Steinberg*, 242 S.W.3d 394, 399 (Mo. App. 2007) (quoting *Bratton v. Mitchell,* 979 S.W.2d 232, 235 (Mo. App. 1998)). "In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001).

Wife seeks remand to the circuit court to create a statutorily required parenting plan for the two children. Yet, § 452.310.11 does not require "filing a parenting plan for any child over the age of eighteen …." When the circuit court entered its judgment in January 2022, Husband and Wife's youngest child was seventeen. Now, over a year later, the youngest child would be at least eighteen years' old and § 452.310.11 does not require a parenting plan to be filed. This issue is moot, and the point is dismissed.

## Conclusion

The judgment is affirmed.

John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.