**Nicole L. HOWERY, Respondent,**

v.

**Roger William HOWERY, Appellant.**

No. WD 71596.

Missouri Court of Appeals,
Western District.

Sept. 28, 2010.

Leonard K. Breon, Warrensburg, MO, for respondent.

James P. Barton, Jr., Marshall, MO, for appellant.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Roger Howery ("Roger") appeals the trial court's denial of his Motion for New Trial and/or to Amend Judgment concerning the division of property pursuant to a dissolution of marriage between Roger and the Respondent Nicole Howery ("Nicole"). This appeal is dismissed and the cause is remanded.

## I. Factual Background

This appeal pertains solely to the trial court's classification and division of non-marital and marital property pursuant to a dissolution of marriage action between Roger and Nicole. Nicole filed a Petition for Dissolution and Custody on July 18, 2008. Roger responded with an Answer and Counter–Petition for Dissolution of Marriage. Nicole served First Interrogatories and First Request for Production of Documents upon Roger who failed to respond, which then prompted the court to take up a Motion to Compel and/or to Impose Sanctions. Following the hearing on that motion, Roger avoided having his pleadings stricken by partially responding to Nicole's discovery requests on the very last day before sanctions were to be imposed.

With respect to the division of property, Nicole filed an Amended Statement of Marital and Non–Marital Assets and Debts on March 17, 2009. Roger never filled out, filed or provided to Nicole or her counsel, a Statement of Marital and Non–Marital Assets and Debts. The matter came to trial on April 3, 2009, by which time the parties had reached an agreement regarding the care, custody and control of the parties' child as well as the child support issues. The only remaining issue for trial was the classification and division of property. Nicole testified at trial regarding the value and ownership of specific assets and Nicole's Amended Statement of Marital and Non–Marital Assets and Debts was received into evidence without objection. Part way through Roger's testimony, as a sanction for his failure to fully respond to discovery and failure to comply with local Rule 68.4(a),[1] the court refused to allow him to testify further as to the classification, value, and division of the property.

After trial and before the entry of judgment, the parties filed a joint stipulation acknowledging that Roger had falsely testified (before the court imposed the above referenced sanctions) as to the source of funds for a certificate of deposit (CD). Roger testified that the CD was purchased with non-marital funds he inherited from his mother's estate. However, the parties later stipulated that the CD was purchased with funds withdrawn from their daughter's educational account and the CD belonged to the daughter.

The trial court issued its Judgment Order and Decree of Dissolution ("Judgment") which divided the property be-

---

**1.** "In all cases for dissolution of marriage, legal separation, paternity, and any motion to modify a decree with respect to support or maintenance, questionnaires entitled "Income and Expense Statement" and "Statement of Marital and Non–Marital Property" in the form established by the Court shall be completed by each party under oath and shall be filed with the Circuit Clerk on the day of trial and served upon opposing counsel or opposing party three (3) days prior to trial. These requirements are waived by the Court in settled cases." 15th Cir. Mo Ct. R. 68.4(a).

tween the parties. The court adopted Nicole's Amended Statement of Marital and Non–Marital Assets and Debts, attached it to and incorporated it into its Judgment.

Roger filed a Motion for New Trial and/or to Amend Judgment with Supporting Suggestions ("Motion for New Trial"). As it pertains to this appeal, Roger argued that the trial court's determinations of marital and non-marital property were against the weight of the evidence. The motion also argued that the trial court impermissibly awarded to Nicole premarital or non-marital property belonging to Roger. Finally, the motion argued the trial court failed to distribute a number of items of personal property. There was no evidence presented regarding these items of personal property during the trial. The trial court held a hearing on the motion which was overruled. Roger now appeals.

## II. Standard of Review

"The standard for reviewing a judgment of dissolution is the same as in any court-tried action." *Vanderpool v. Vanderpool,* 250 S.W.3d 791, 794 (Mo.App. S.D.2008). " 'In a court-tried case, the decree of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.' " *Potts v. Potts,* 303 S.W.3d 177, 184 (Mo. App. W.D.2010) (quoting *Kester v. Kester,* 108 S.W.3d 213, 218 (Mo.App. S.D.2003)). "The reviewing court defers to the trial court's determination of credibility and views the evidence and inferences therefrom in the light most favorable to the decree disregarding all contrary evidence and inferences." *Jordan v. Jordan,* 984 S.W.2d 878, 880 (Mo.App. W.D.1999).

## Analysis

■ Although not properly raised in his point on appeal, Roger argues that the trial court has not yet distributed all marital and nonmarital property, and therefore, the trial court still has jurisdiction over this action. *See Crawford v. Crawford,* 31 S.W.3d 451, 453 (Mo.App. W.D.2000) ("Unless and until *all* marital property has been distributed, the trial court's judgment is not final."). It is the duty of this court to determine its own jurisdiction *sua sponte,* and therefore, a deficiency in the briefing of the point is inconsequential. *Id.* (citing *Spauldin v. Spauldin,* 945 S.W.2d 665, 668 (Mo.App. W.D.1997)).

■ In his Motion for New Trial, Roger claimed that a number of "marital and non-marital assets ... were not divided or set aside by the court." The items consisted of multiple pieces of jewelry and two computers. The court did not amend its judgment, and those specific pieces of property were never disposed of by the court. "If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 406 (Mo. banc 1980).

The following items were identified as undistributed before the time for appeal passed: solitaire ring; men's diamond ring; 1960 class ring; small diamond solitaire ring; blue pearl necklace; two pearl rings; sapphire tennis bracelet; five or six gold chain necklaces; one set diamond stud earrings; desktop computer; and laptop computer. We are sympathetic to the trial court, having properly imposed sanctions against Roger for his intentional and contemptuous failure to comply with the general rules of discovery, local court rules, and the orders of the trial court,

now is faced with Roger's sudden interest, post judgment, in listing personal property that he argues should have been divided. However, we are bound by the Supreme Court precedent regarding the authority of the appellate courts. *Id.* Because there is allegedly undivided property that was brought to the attention of the trial court before the time for appeal had expired, the judgment in this case is not final and the trial court retains jurisdiction. We must dismiss the appeal. *Rogers v. Rogers,* 253 S.W.3d 134, 138–39 (Mo.App. W.D.2008) (citations omitted) (quoting *Jonusas v. Jonusas,* 168 S.W.3d 117, 121 (Mo.App. W.D.2005)).

In order to promote judicial economy and save time and expense for the parties and the courts, we exercise our discretion and address Roger's points on appeal to provide the parties and the trial court with guidance on how to proceed. *Iowa Steel & Wire Co. v. Sheffield Steel Corp.,* 227 S.W.3d 549, 557–558 (Mo.App.2007).

In Point One, Roger argues the trial court erred in refusing to sustain his Motion for New Trial and/or to Amend Judgment with Supporting Suggestions ("Motion for New Trial") in that the court misapplied the law by failing to classify property as marital or nonmarital and then allocated nonmarital assets to equalize the division of marital assets. Roger frames this issue as an appeal of the court's ruling on a new trial motion or motion to amend the judgment. This court is charged with review of the judgment. Accordingly, Roger's framing of the issue is improper.

Section 452.330[2] provides the procedures the trial court must follow to classify property in a dissolution proceeding and provides guidance how to achieve an equitable distribution. Section 452.330 says the trial court shall "set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors."

First, Roger contends that the trial court failed to specify which assets were marital and which were nonmarital or premarital. This argument is perplexing in that the Judgment adopted and incorporated the Amended Asset Analysis and Proposed Division of Marital Property form. That form clearly divides the property into different categories. Relevant to our inquiry here is that the form includes separate categories for marital and non-marital property and sets forth the value of each item. Roger's suggestion that the trial court failed to classify the property as either marital or nonmarital is unsupported by the record.

Second, Roger argues that the trial court improperly awarded his nonmarital or premarital assets to Nicole.[3] Roger references a number of such alleged items contained in his Motion for New Trial and includes the following: 1975 MG Midget; 1995 Seadoo; antique books; school bell; antique rocker; antique plates; glass top table; patio set; Singer sewing machine; and quilts. However, Roger never submitted any evidence to the trial court to support his contention that these items were nonmarital or premarital

---

**2.** All statutory citations are to RSMo 2000 as updated through the 2009 Cumulative Supplement, unless otherwise indicated.

**3.** Roger, in his brief, inappropriately focuses on the soliloquy by the trial judge during the hearing on his Motion for New Trial, rather than the language of the judgment. In a civil matter, this court reviews the written judgment and not the oral pronouncements of the judge. *State ex rel. Euclid Plaza Assocs. L.L.C. v. Mason,* 81 S.W.3d 573, 576 n. 1 (Mo.App. E.D.2002).

property. Roger intentionally and contemptuously failed to fill out an asset and liability statement as requested by Nicole in discovery and as is required by local court rule 68.4. As a sanction, the trial court refused to hear testimony from Roger on the specific classifications, value, and ownership of items of property.[4] The trial court specifically found that Roger lacked credibility, which was at least partially due to his stipulation that he lied under oath regarding the source of funds for the daughter's CD. Nicole submitted an Amended Statement of Marital and Non–Marital Assets and Debts, in which she classified the property as being marital or nonmarital and listed the alleged owner. She also testified to the accuracy of that document, and it was received into evidence by stipulation of the parties.

 "The trial court is accorded broad discretion in distributing marital property." *Rodieck v. Rodieck,* 265 S.W.3d 377, 380 (Mo.App. W.D.2008) (citing *Henning v. Henning,* 72 S.W.3d 241, 245 (Mo.App. W.D.2002)). " 'When characterizations of property as marital or separate rest on an assessment of witness credibility, this court defers to the trial court's determination of that credibility.' " *Hernandez v. Hernandez,* 249 S.W.3d 885, 888 (Mo.App. W.D.2008) (quoting *Beckham v. Beckham,* 41 S.W.3d 908, 911–12 (Mo.App. W.D.2001)). Accordingly, the trial court operated well within its discretion to find Roger not credible and, subsequently, to rely on the only evidence before the court on these issues—Nicole's testimony and exhibits.

Point Denied.

In Point Two, Roger specifically contests the classification as marital property a piece of real estate located at Route 4, Box 301, Marshall, Missouri ("the Marshall Property"). He contends this finding was not supported by the greater weight of the evidence or was against the weight of the evidence. In its Judgment, the court found "both parties have a marital interest" in the Marshall Property "and that neither party has provided the Court with appropriate evidence concerning the amount of marital interest in the residence, but because the Court finds [Roger] to lack credibility, the Court is adopting [Nicole's] evidence on this issue."

 The trial court has considerable discretion in its classification of property as marital or non-marital. *Rodieck,* 265 S.W.3d at 380. When that discretion is exercised based upon the trial court's determination of credibility, this court will give deference to that determination. *Hernandez,* 249 S.W.3d at 888. The evidence adduced from Nicole at trial with respect to this property was as follows: Nicole testified that the home was owned by Roger prior to their marriage; although her name was not initially on the deed, shortly after they married the property was refinanced and Nicole's name was added to the deed; finally, Roger and Nicole throughout their marriage made many improvements to the property and used marital funds to do so.

 Considering the evidence in a light most favorable to the trial court's judgment, we cannot say that the trial court's finding that the Marshall Property was marital property was erroneous or against the weight of the evidence. The only credible evidence presented on this issue was the testimony of Nicole. This evidence suggests that Nicole's name was added to the deed of the Marshall Property after the marriage. "Placing separate property into the names of both spouses creates a presumption that the property

4. Roger does not challenge on appeal this sanction against him.

has been transferred to the marriage 'and clear and convincing evidence is required to show that the transfer was not intended as a gift.'" *Blydenburg–Dixon v. Dixon,* 277 S.W.3d 815, 819 (Mo.App. W.D.2009) (quoting *In re Marriage of Tullier,* 989 S.W.2d 607, 612 (Mo.App. S.D.1999)). Therefore, Nicole's testimony created a rebuttable presumption that the house was marital property, and Roger would have had to rebut the presumption by clear and convincing evidence. Since Roger failed to present any credible evidence on the issue, the trial court's determination that the Marshall Property was marital property was not a misapplication of the law and was supported by substantial evidence.

Point Two is denied.

### Conclusion

Because the judgment is not final, the appeal must be dismissed, and the case must be remanded to the trial court to classify and distribute the remaining undistributed items. Nothing in this opinion should be construed as requiring the trial court to allow the parties to re-litigate the issues previously decided by the trial court. It will remain in the trial court's discretion whether to allow Roger to present evidence regarding the categorization and value of any of the previously undistributed items of property. It will also remain in the trial court's discretion to determine if either party should bear any portion of the attorney fees of the other party for the additional hearing required by this remand.

All concur.