Margaret A. POLLARD, Respondent,

v.

D.L. POLLARD, Appellant.

No. WD 73305.

Missouri Court of Appeals, Western District.

Feb. 28, 2012.

Kimberly Gray, Kansas City, MO, for Appellant.

Bruce Brown, Kearney, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., VICTOR C. HOWARD, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

D.L. Pollard (Husband) appeals the circuit court's judgment dissolving his marriage to Margaret A. Pollard (Wife). Because the circuit court failed to address and distribute marital debt, the court's judgment is neither final nor appealable. We, therefore, dismiss this appeal for lack of jurisdiction.

Husband and wife were married in 1976 and separated in 2009. There were no children of the marriage. Shortly after separation, Wife filed a petition for dissolution of marriage and Husband filed an answer and counter-petition. The court heard evidence and ultimately entered a judgment on August 24, 2010, dissolving the marriage, dividing property and awarding maintenance to Wife. While the judgment ordered the parties "to pay the debts as set forth in the Court's Judgment and Decree," debts were not elsewhere classified, assigned, or divided in the de-

cree. Husband filed a "Motion for New Trial/Motion to Reconsider" the court's judgment, to which Wife filed a response. Neither Husband's motion nor Wife's answer addressed the court's failure to allocate marital debt. In November of 2010, the court heard evidence regarding Husband's motion and, thereafter, modified its original judgment and eliminated Wife's award of maintenance.

While Husband asserts six points on appeal, we dismiss without addressing the merits of Husband's claims.[1] In Husband's sixth point on appeal, Husband alleges that the circuit court erred by not dividing the marital debt because marital debt was in evidence and section 452.330.1, RSMo Cum.Supp.2011, requires that all marital property and debt be divided.[2] Husband asks that the court's judgment be reversed for division of the marital debt. While we agree with Husband's conclusion that section 452.330.1 mandates the division of marital debt, we dismiss Husband's appeal for lack of jurisdiction.

If [ ] undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.

*Meltzer v. Meltzer,* 775 S.W.2d 120, 120–21 (Mo. banc 1989). Dismissal is "equally applicable" where there is undistributed debt and we must dismiss "an appeal where marital debts known to the [circuit] court are not addressed in its decree." *Rogers v. Rogers,* 253 S.W.3d 134, 137 (Mo.App.2008). Here, Wife submitted evidence of debt via Exhibit 1, her "Second Amended Property/Debt List and Valuation." [3] The court's judgment ordered the parties "to pay the debts as set forth in the Court's Judgment and Decree" but did not otherwise assign, divide, or classify the debt as marital or non-marital. Consequently, the court's judgment is not final or appealable, and this appeal must be dismissed. *Id.* at 138.

The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. Because the trial court has not been divested of jurisdiction, that court retains control over every phase of the case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Either or both

---

1. While neither party raised the issue of finality before the trial court or before this court on appeal, because finality of judgment is a jurisdictional prerequisite, we must address this issue *sua sponte. Gilstrap v. Gilstrap,* 238 S.W.3d 196, 198 (Mo.App.2007).

2. Additional alleged points of error include that the trial court erred in failing to designate an "inheritance account" as either marital or non-marital property, erred in designating a 1919 Studebaker as marital property, erred by not designating all property as marital or non-marital, erred by not designating a value for all marital and non-marital property, and erred in its division of marital property. As we are dismissing the appeal, we need not address these issues.

3. Wife's Property and Debt Valuation was the only Property and Debt Valuation entered into evidence and was referenced by both parties at trial. At the hearing regarding Husband's motion for new trial, Husband entered this same Property and Debt Valuation, with highlighting added by Husband, into evidence as Husband's Exhibit Number 1. The Property and Debt Valuation set forth debt as follows:

| | |
|---|---|
| 2009 Federal Income Tax Debt: | $ 920.00 |
| 2009 State Income Tax Debt: | $ 28.00 |
| Repairs to Pet's Vehicle: | $ 100.00 |
| '09 Personal Property Tax: | $ 262.00 |
| '09 Real Estate Property Tax: | $1,821.00 |
| CMA and Appraisal: | $ 50.00 |

parties will then have the right to appeal the circuit court's new decree of dissolution.

*Id.* at 138–139 (quoting *Jonusas v. Jonusas,* 168 S.W.3d 117, 121 (Mo.App.2005) (citations omitted)).

We conclude that the circuit court was required to determine whether the debt was marital or non-marital and issue an order allocating the marital debt. *Id.* at 139. The court's failure to do so renders its judgment "fatally incomplete, non-final, and non-appealable." *Id.* We dismiss this appeal for want of jurisdiction.

All concur.