Margaret A. POLLARD, Respondent,

v.

D.L. POLLARD, Appellant.

No. WD 75647.

Missouri Court of Appeals,
Western District.

May 28, 2013.

Bruce B. Brown, Kearney, MO, for respondent.

Kimberly N. Gray, Independence, MO, for appellant.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

D.L. Pollard ("Husband") appeals from the trial court's judgment and decree of dissolution of marriage with respect to its

division of property. Husband contends that the trial court erred in (1) awarding Margaret Pollard ("Wife") "her inheritance account," presumably as nonmarital property, though not expressly designated by the trial court as either marital or nonmarital, because the account had been commingled with marital property; (2) awarding a 1919 Studebaker to Husband presumably as marital property, though not expressly designated by the trial court as either marital or nonmarital, because it was purchased by Husband prior to the marriage and was not commingled with marital property; (3) failing to designate all property marital or nonmarital before dividing the marital property; (4) failing to designate a value for all of the marital and nonmarital property as required to determine if the marital property was divided in a just manner; and (5) dividing the property because the division was not just and was against the weight of the evidence.

We affirm in part, reverse in part, and remand this matter for further proceedings.

### Factual and Procedural History [1]

Husband and wife were married on September 11, 1976. The parties separated on October 23, 2009. No children were born of the marriage. On October 30, 2009, Wife filed a petition for dissolution of marriage. Husband filed an answer and a counter-petition for dissolution of marriage.

On June 28, 2010, a bench trial was conducted. Wife introduced a "Second Amended Property/Debt List & Valuation" (the "Property List"). The Property List detailed the parties' property and debts, and as to most items, whether the item was marital or nonmarital, its value, and a

proposed disposition. To the extent Wife's proposed designation, value, or division for an item was objectionable, Husband reflected his competing view on the same Property List. The Property List was thus a stipulated exhibit, although it reflected contested positions as to certain items of property. The trial court admitted the exhibit "as an aid to the Court."

On August 24, 2010, the trial court entered a judgment and decree of dissolution of marriage ("Decree"). The Decree dissolved the marriage, divided property, and awarded maintenance to Wife in the amount of two-hundred dollars per month. The Decree also ordered the parties to pay the debts "as set forth in the [Decree]" but failed to otherwise identify or divide any debts.

In dividing the property, the trial court stated, in pertinent part:

10. THAT [Wife] is awarded real estate located at 2081 Willow Lane, Wood Heights, Missouri. [Legal description].

11. THAT [Wife's] real estate located in or near Baldwin, Kansas, being approximately one hundred acres of agricultural land was and remains the *nonmarital property* of [Wife] and is awarded to [Wife].

12. THAT [Wife] is awarded her "inheritance account" in North American Savings Bank ... approximate balance of thirty seven thousand ($37,000.00) dollars.

13. THAT [Husband] is awarded a checking account in Community Bank of Missouri[.]

14. THAT [Husband] is awarded checking accounts in Bank Midwest ...

---

1. We view the evidence in the light most favorable to the trial court's judgment and defer to the trial court's credibility determina-

tions. *Potts v. Potts,* 303 S.W.3d 177, 184 (Mo.App. W.D.2010).

valued at two thousand six hundred ($2,600.00) dollars.

15. That [Wife] is awarded the following vehicles:

   1. 1990 Cadillac Deville [ ]

   2. "Commuter Car" [ ]

   3. 1968 Ford Mustang [ ]

   4. 4 × 4 Kabata Lawn Tractor

16. THAT [Husband] is awarded the following vehicles:

   1. 2002 GMC Seriarra [sic] [ ]

   2. 1919 Studebaker [ ]

   3. 1956 MG (*non-marital property* )

   4. 1940 Plymouth pickup (*non marital property* ) [ ]

   5. Dune buggy 8hp engine [ ]

17. THAT [Wife] is awarded all pets, dog beds and taxis.

18. THAT the following property is set aside to [Husband]:

   1. Antique piano and bench

   2. 22 pistol

   3. 410 shotgun

   4. Browning 12 gage

19. THAT [Husband] is awarded one leather chair ( [Wife's] choice).

20. THAT the following items found to be *marital property* are set aside to [Husband]:

[List of eleven household items not of particular relevance to this appeal]

(Emphasis added.) The Decree also ordered that all "furniture and furnishings" then in each person's possession would be retained as that person's sole and separate property, and that each party would retain as their sole and separate property his or her personal property and effects.

On September 22, 2010, Husband filed a "motion for new trial and/or motion to reconsider, alternatively to vacate, reopen, correct, amend or modify judgment and decree of dissolution of marriage" ("Motion for New Trial"). Husband alleged that the trial court erred in its award of maintenance to Wife. Husband also generally complained that the division of property was not "just" or "equitable" pursuant to section 452.330.[2] The only specific objection raised by Husband, however, to the trial court's designation of property as marital or nonmarital involved Wife's inheritance account. Husband contended that the Decree appeared to treat the account as nonmarital (although it did not expressly so state) because it "awarded *her* inheritance account" to Wife. (Emphasis added.) Husband argued the account had been commingled and was marital.

After a hearing, the trial court entered a new judgment amending the Decree to find that no maintenance should be awarded to either party ("Amended Decree").[3] The Amended Decree did not address Husband's claim that the inheritance account may have been improperly treated as nonmarital property. With respect to Husband's concern that the division of property was not "just" or "equitable," the trial court noted that it had been limited in its ability to "value property set off to one party as compared to property set off to the other" by the scanty evidence of values offered by the parties at trial, particularly as to tangible personal property, including household items. The court characterized any inability to "compare the marital estate set aside to each party" as a failure of proof.

On December 13, 2010, Husband appealed the Amended Decree. Husband raised the same five points raised in this appeal, and a sixth point which alleged that the

**2.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

**3.** The Amended Decree incorporated the Decree by reference.

trial court erred in failing to divide marital debt. On February 28, 2012, this court disposed of Husband's appeal based on the sixth point relied on. *Pollard v. Pollard,* 363 S.W.3d 386 (Mo.App. W.D.2012) ("*Pollard I* "). We concluded that although the Amended Decree generally ordered the parties "to pay the debts as set forth in the [Decree]," the Amended Decree was not a final, appealable judgment because it did not identify any debts to be paid, and thus did not classify, assign or divide the debts. *Id.* at 386. Noting that the record reflected that evidence of marital debt was presented to the trial court, we concluded that the Amended Decree effectively failed to "distribute" known marital property or debts. *Id.* at 387. As such, the trial court had not exhausted its jurisdiction, and the Amended Decree was not a final, appealable judgment. *Id.* (quoting *Rogers v. Rogers,* 253 S.W.3d 134, 137 (Mo.App. W.D.2008) ("[W]e must dismiss 'an appeal where marital debts known to the [circuit] court are not addressed in its decree.' ")).

Because we were required to dismiss Husband's appeal for lack of jurisdiction based on the claim of error raised in his sixth point on appeal, we could not reach the merits of Husband's points one through five—the same points now reasserted by Husband in this appeal. *Id.* We suggested, however, that the trial court could take advantage of the dismissed appeal to " 'enter a new judgment covering the entire case.' " *Id.* (citation omitted). We instructed:

> The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. Because the trial court has not been divested of jurisdiction, that court retains control over every phase of the case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Either or both parties will then have the right to appeal the circuit court's new decree of dissolution.

*Id.* at 387–88 (quoting *Rogers,* 253 S.W.3d at 138–39).

On March 12, 2012, Husband filed a "motion to reconsider and to alter or amend the judgment [or] in the alternative motion for final judgment" ("Motion to Reconsider") with the trial court. Husband again raised the complaint that the Amended Decree could be read to mistakenly characterize the inheritance account as Wife's nonmarital property. Husband also raised the complaint that Amended Decree could be read to mistakenly characterize the 1919 Studebaker as marital property. Husband further complained that the trial court had failed to designate all property as either marital or nonmarital as required by Section 452.330.1, and that in the absence of such a designation, it could not be determined whether a just distribution of marital property had been made. Husband also complained that the trial court had not designated values for all marital and nonmarital property. Finally, Husband complained that the distribution of property was not "just" or "equitable."

On June 20, 2012, the trial court advised the parties by phone conference "that, suggestions to the contrary not withstanding [sic], the Court would not re-open all or part of the topic of division of marital and/or non-marital assets or any other asset issues, but would only consider, at a future hearing for that purpose only, the allocation of marital debt." Consistently, at the subsequent hearing conducted to address the classification and allocation of debt, the trial court stated:

> I think the Court of Appeals did make clear, to the extent I felt it was appropriate, I could open the case as far as I

really wanted to.... If either party wishes to present testimony as to the appropriateness of the allocation of these particular debts, I'm willing to hear it. I'm not willing to ... expand on going back and opening other issues.

On September 11, 2012, the trial court entered a judgment reaffirming the Amended Decree except as expressly noted ("Second Amended Decree"). The Second Amended Decree identified the debts by reference to the Property List, and allocated responsibility for the debts. As to the balance of property distributed by the Decree, the Second Amended Decree reiterated the trial court's previously expressed frustration with the paucity of evidence of values presented at trial, noting:

> That as the Court reflected in its Docket Entry of 28 June 2010, the valuations of assets as presented on [Property List] "were widely divergent and little testimony offered to aid the Court in establishing valuation...."

> ....

> That ... the Court entered its [Amended Decree].... That said [Amended Decree] again reflected on the Court's limited ability to accurately compare the property set aside to the parties based on a paucity of testimony concerning a large number of the items set out in [Property List] entered at trial and apparently in large measure accepted by the parties.

The trial court concluded:

> That it remains the Court's firmly held opinion that no testimony at trial or later hearings would suggest that deviation from the [Decree] is warranted as to division of property, real or personal, and that, **with the exceptions noted in the [Decree] the division of property**

**as set out in the [Property List] remains appropriate.**

(Emphasis added). Husband appeals.

## Standard of Review

■ "We will affirm the decree of dissolution unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Barth v. Barth,* 372 S.W.3d 496, 503 (Mo.App. W.D.2012) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). " 'We view the evidence in the light most favorable to the decree, disregard evidence to the contrary, and defer to the trial court even if the evidence could support a different conclusion.' " *Id.* (quoting *Sweet v. Sweet,* 154 S.W.3d 499, 503–04 (Mo.App. W.D.2005)). "We defer to the trial court's credibility determinations and 'assume all factual issues were resolved in favor of the judgment entered.' " *Id.* (citation omitted). " 'We review questions of law de novo.' " *Id.* (citation omitted).

"We review the trial court's division of property ... for an abuse of discretion." *Id.* "An abuse of discretion is only found where the award is 'clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion.' " *Id.* (citation omitted).

## Analysis

Husband raises five points on appeal. He claims: (i) that the Second Amended Decree can be read to designate Wife's inheritance account as Wife's nonmarital property when it should have been characterized as marital property; (ii) that the

Second Amended Decree can be read to designate the 1919 Studebaker as marital property when it should have been characterized as Husband's nonmarital property; (iii) that the trial court failed to designate all property as marital or nonmarital as required by section 452.330.1; (iv) that the trial court failed to assign a value to all property; and (v) that the division of property was not just and was against the weight of the evidence.

Because Husband's first three points on appeal address the trial court's designation of property as marital or nonmarital, we address the points collectively.

### Points One, Two, and Three

■ Section 452.330.1 governs the disposition of property in divorce actions and provides that, "In a proceeding for dissolution of the marriage ... the court *shall* set apart to each spouse such spouse's nonmarital property and *shall* divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors[.]" (Emphasis added.) Section 452.330 "has been interpreted to *mandate* findings by the trial court as to what property was considered nonmarital and what property was considered marital." *In re Marriage of Elliott*, 179 S.W.3d 323, 328 (Mo.App. S.D. 2005) (emphasis added). Thus, per section 452.330, the trial court is charged with completion of a two-step process:

> First, the court must set apart to each spouse his or her separate property. Second, the court must divide the remaining marital property. A finding of what determines marital property must precede the division of marital property. The *trial court must make specific findings as to whether each asset or class of assets is marital property subject to division or non-marital* property belonging to a spouse individually. Such an identification of property is the

necessary antecedent of a subsequent just division of marital property.... *It is not enough to apportion all of the property between the parties without first designating it as either separate or marital property.*

*Bishop v. Bishop*, 658 S.W.2d 512, 514 (Mo.App. E.D.1983) (emphasis added).

The purpose of section 452.330 is to permit review of a trial court's division of property to determine whether it is "just." "Failure to specifically identify property as marital or non-marital makes it impossible to determine whether a trial court's division of marital property is 'just' under Section 452.330." *Oetterer v. Oetterer*, 60 S.W.3d 48, 52 (Mo.App. E.D.2001). In *Willbanks v. Willbanks*, 251 S.W.3d 359, 361 (Mo.App. S.D.2008), the trial court awarded Husband his retirement pension without designating it marital or nonmarital and without assigning it a value. The Southern District reversed and remanded, instructing the lower court "to determine with particularity what property is marital and what property is non-marital and to value the property that falls within each classification of property." *Id.* The court held that the trial court's failure to make these findings "prevent[ed] appellate review of the claim that the trial court's distribution of marital property was unjust." *Id.; see also Elliott*, 179 S.W.3d at 327–28 (reversal and remand where appellate court could not determine whether the trial court classified certain items of property as marital or nonmarital negating ability to provide meaningful appellate review of the trial court's division of property); *Oetterer*, 60 S.W.3d at 53 (reversed and remanded for failure to specifically designate properties as marital or nonmarital, negating ability to determine whether the property and debt have been distribut-

ed fairly and equitably).[4]

Here, the initial Decree expressly designated some property marital and some property nonmarital but left substantial property undesignated. We found a similar decree to be deficient in *Bishop*, 658 S.W.2d at 515, where a trial court specifically designated one property as separate property and applied no designation of marital or separate to any other property. We observed:

'It is not clear from the trial court's conclusions of law what property awarded was set aside as separate property of the husband or the wife and what was divided as marital property. The trial court in its judgment disposes of ... property ... by designating the party to whom it shall belong without indicating [in each case] whether the party to whom it is awarded retains the asset as his separate property or an award of marital property. Because of this deficiency in the judgment, it is impossible to determine on appeal whether the court made a just division of the marital property in accordance with section 452.330 ... and the cause must be remanded for further proceedings.'

*Id.* (quoting *In re Marriage of MacBeth*, 622 S.W.2d 720, 723 (Mo.App. E.D.1981)).

The Decree, however, has been twice amended. The judgment from which this appeal is taken is the Second Amended Decree.[5] In the Second Amended Decree, the trial court expressly noted:

That it remains the Court's firmly held opinion that no testimony at trial or later hearings would suggest that deviation from the [Decree] is warranted as

to division of property, real or personal, and that, ***with the exceptions noted in the [Decree] the division of property as set out in the [Property List] remains appropriate.***

(Emphasis added.) The Second Amended Decree thus incorporated by reference, except as indicated in the Decree to the contrary, the ***division*** of property set forth in the Property List. Though reference to the "division" of property in the Property List is not precise, we believe the reference, read in substantive and procedural context, reflects the trial court's intent to incorporate into the Second Amended Decree the uncontested marital/nonmarital designations and proposed divisions set forth in the Property List, except as otherwise noted in the Second Amended Decree.

We must determine whether the trial court's incorporation of the Property List by reference suffices to comply with the trial court's obligation to make the marital and nonmarital property designations mandated by section 452.330.1. Our objective is to determine whether " '[t]he trial court [has made] a distribution of marital property that is definite and capable of enforcement.'" *Jonusas v. Jonusas*, 168 S.W.3d 117, 119 (Mo.App. W.D.2005) (citation omitted). "We are well aware that an obscure judgment may be construed with reference to the pleadings and record, and 'where on the whole record its sense can be clearly ascertained, the judgment will be upheld.'" *Oetterer*, 60 S.W.3d at 52 (citation omitted).

---

4. In order to constitute reversible error, the trial court's failure to expressly designate property as marital or nonmarital must be called to the court's attention by the filing of a motion to amend the judgment under Rule 78.07(c). *In re Marriage of Wood*, 262 S.W.3d 267, 273 (Mo.App. S.D.2008). Husband complied with this requirement by filing his Motion to Reconsider.

5. The Second Amended Decree incorporates the Decree and the Amended Decree.

We conclude that it is permissible (though perhaps not the best practice) for a trial court to comply with its obligation to designate all property as either marital or nonmarital by reference to an exhibit, as the reference would permit appellate review of whether a just division of the marital property has been made in accordance with section 452.330. *See Howery v. Howery,* 320 S.W.3d 742, 746 (Mo.App. W.D.2010). Applied here, we read the Second Amended Decree to have made marital/nonmarital designations where it expressly so states, and to have similarly made the required designation where the Second Amended Decree is silent, but the incorporated Property List reflects an uncontested marital/nonmarital designation.[6] However, the Second Amended Decree's incorporation of the Property List fails to completely satisfy the trial court's obligation to make the marital/nonmarital designations required by section 452.330.1.

The following items described in the Property List are not clearly designated as either marital or nonmarital in either the Property List or in the Second Amended Decree:

2081 Willow Lane real estate in Wood Heights (Property List shows both a marital and nonmarital designation)

Dish network equipment attached to the 2081 Willow Lane residence

Two dogs, a dog bed and a pet taxi

Community Bank account (shows both a marital and nonmarital designation on the Property List)

Bank Midwest account

Paint guns, primer guns, grider [sic], PDR tools, hot glue guns, nail guns, rivet, compressor portable, nuts & bolts and rack, 2 wheel homemade trailer

Shop vac, specified exercise equipment, chain saw, all saws, air welding helmets, airlines and reels for welders

Every item listed on page 4 of the Property List (except the antique piano, vacuum, and carpet shampooer)

Every item listed on page 5 of the Property List (except the white leather sofa, pots and pans (red set), and garage refrigerator)

Every item listed on page 6 of the Property List (except countertop microwave and two bar stools)

Every item listed on page 7 of the Property List (except bedroom furniture including daybed with mattress, chest, and two night stands, 27″ TV, and bed linens (1 set))

Every item listed on page 8 of the Property List (except baby high chair, cedar chest, and computer tables)

Chair mat, office supplies, and books of biographical interest

LG washer and dryer

In short, numerous items of property have not been designated as either marital or nonmarital. The Second Amended Decree fails to comply with section 452.330.1 as it fails to designate *each item* of property as either marital or nonmarital, either individually or by class. Thus, although we affirm the marital and nonmarital designations contained in the Second Amended Decree (directly or by reference to the Property List), we reverse the Second Amended Decree to the extent it fails to make the required designation for each

6. As a result, we read the Second Amended Decree to find, consistent with uncontested designations in the Property List, as follows: 1919 Studebaker is Husband's nonmarital property; Wife's inheritance account is marital property; 1990 Cadillac Deville, Commuter Car, 1968 Ford Mustang and 4×4 Kabata Lawn Tractor are marital property; 2002 GMC Sierra is marital property; Antique piano is Husband's nonmarital property; 22 pistol, 410 shotgun, and Browning 12 gauge are Husband's nonmarital property.

item (or class of items) identified in the Property List.[7] Point Three is granted.

Husband's first and second points complain that the Second Amended Decree *could* be read to erroneously designate Wife's inheritance account as nonmarital, and the 1919 Studebaker as marital. We disagree. As noted, the Second Amended Decree did designate some property as marital or nonmarital, and did incorporate by reference designations set forth in the Property List to the extent not in conflict with designations in the Second Amended Decree. The Property List identifies Wife's inheritance account as marital property. The Property List identifies the 1919 Studebaker as Husband's nonmarital property. The Second Amended Decree does not otherwise designate these items and by reference to the Property List, adopts the designations proposed in the Property List. The designations in the Property List are the designations urged by Husband in this appeal. The hypothetical errors complained of by Husband in points one and two did not occur.[8]

Points One and Two are denied.

### Points Four and Five

■ In point four, Husband claims that the trial court erred by not making a finding about the value of each item of marital property. In point five, Husband claims that the division of property was not just or equitable as required by section 452.330 and was so unjust as to constitute an abuse of the trial court's discretion.

Husband's fourth point on appeal mistakenly presumes that a trial court is obligated to make express findings regarding the value of property it divides.

'[T]he trial court is not expressly required to assign specific values to marital property in its judgment, [however,] evidence from which the value of marital property can be determined must appear in the record. In the absence of such evidence, there can be no meaningful appellate review to determine if, in fact, the division of property was fair and equitable.'

*Rogers,* 253 S.W.3d at 139 (quoting *Svejda v. Svejda,* 156 S.W.3d 837, 840 (Mo.App. W.D.2005)); *McClement v. McClement,* 681 S.W.2d 500, 503 (Mo.App. E.D.1984) ("[A] trial court's decision concerning division of property will not be disturbed so long as the trial court had before it proper evidence of value and the parties had not requested specific findings under Rule

---

7. · This relief is distinguishable from the disposition in *Pollard I* where we were required to dismiss Husband's appeal, because in that case, our jurisdiction to entertain Husband's appeal was implicated by the trial court's failure to distribute all known debts and property. 363 S.W.3d at 386–87. In the case before us, there is no issue that the trial court divided all of the parties' property and debts. The only issue is whether it made required statutory findings in the process of doing so. A claim of error suggesting that a trial court has not made required statutory findings does not implicate our jurisdiction to entertain an appeal.

8. Husband's concern was complicated by the suspect argument advanced in Wife's brief

that the inheritance account could and should have been treated as nonmarital property notwithstanding Wife's stipulation in the Property List to the contrary. During oral argument, Wife's counsel represented that Wife's testimony at trial requested that the inheritance account be treated as nonmarital property. To the contrary, Wife candidly testified at trial that although she wished she had done otherwise, she understood that she had commingled the inheritance account with marital assets and that as a result, the account was marital property. Wife did ask that the inheritance account be awarded to her. That request, however, is not inconsistent with treating the account as marital property.

73.01(a)(2)).” [9]

Here, neither party requested findings pursuant to Rule 73.01(c). "Thus, the failure of the trial court to assign values to each item, does not require reversal, unless there was insufficient evidence before the court ... to make a just division." *Id.* Though the trial court expressed its frustration with the paucity of evidence about values, it also expressed its confidence that it had sufficient evidence before it to permit it to value and divide the property equitably. The Property List assigned proposed values to nearly every item of property itemized, and as to any potentially sizeable item not valued, the evidence at trial supplied a value.[10] The trial court's expressed frustration with the evidence is more accurately a problem of proof attributed to the parties for which we will not find trial court error. *See Nelson v. Nelson,* 195 S.W.3d 502, 507 (Mo.App. W.D. 2006) ("The parties bear an equal burden to present evidence as to the value of marital property").

We cannot find from our review of the record that the trial court was incorrect in its assessment of its ability to divide the parties' property.

Point Four is denied.

In his fifth point on appeal, Husband complains that the division of property was unjust and an abuse of discretion. Husband notes that as to several items on the Property List, Husband and Wife proposed widely divergent values. Husband complains that Wife received 93% of the marital property (using Wife's values from the Property List) or 90% of the marital property (using Husband's values from the Property List).

There are several problems with Husband's argument. First, as we have noted, we are required to remand this case with instructions directing the trial court to designate a sizeable amount of property as either marital or nonmarital. Until the trial court completes this task, we are unable to assess whether the division of marital assets is just and equitable. *Oetterer,* 60 S.W.3d at 53.

■ Second, Husband's argument presumes that the trial court was bound to accept *either* Wife's proposed value *or* Husband's proposed value where their opinions differed. In fact, "when the owners [of property] testify to two different values, the trial court is not bound to accept either estimate as exact." *Nelson,* 195 S.W.3d at 508. "The trial court is free to make its own determination of the fair market value of the property, but is prohibited from finding a fair market value that is not supported by the evidence." *Id.* Generally, this means a trial court is free to find a valuation "within the range of evidence offered by the parties." *Jones v. Jones,* 277 S.W.3d 330, 337 (Mo.App. W.D.2009).

■ Finally, Husband's argument presumes that a just division is an equal division. To the contrary, "the award of a higher percentage of the marital assets to one spouse is not a per se abuse of discretion." *Griffin v. Griffin,* 986 S.W.2d 534, 536 (Mo.App. W.D.1999). "Disproportionate divisions of marital property are routinely affirmed." *Id.* That is largely due to the fact that section 452.330.1 sets forth a variety of relevant factors a trial court is to consider in fashioning a fair and equitable division of marital property, many of

---

9. Rule 73.01(a)(2) is the predecessor to the current Rule 73.01(c). *Frick's Meat Products, Inc. v. Coil Construction of Sedalia, Inc.,* 308 S.W.3d 732, 737 (Mo.App. E.D.2010).

10. For example, the Decree indicates that the Bank Midwest accounts set over to Husband had a value of $2,600, though no value for this asset is shown on the Property List.

which have nothing to do with the value of the property.[11]

Here, as noted, we are unable to assess whether the trial court abused its discretion in its division of property in the Second Amended Decree because the trial court has yet to separate and designate all of the property as marital or nonmarital. Once the missing designations are made on remand, the trial court should advise whether any different division of the marital property is warranted, and whether it remains of the belief that its division of the marital property is just and equitable.

Point Five is denied.

## Conclusion

The Second Amended Decree is affirmed in every respect except that it is reversed to the extent that it fails to designate certain property hereinabove described as marital or nonmarital as required by section 452.330.1. This matter is remanded. The trial court is instructed to enter an amended decree setting forth the required marital/nonmarital findings for property not previously designated, modifying the marital property division if the trial court believes a different division is warranted by its marital and nonmarital designations, and verifying whether the trial court believes its division of marital property is just and equitable as required by section 452.330.

All concur.

---

11. In addition to the value of the property set apart to each spouse, section 452.330.1 directs a trial court to consider the economic circumstances of the spouses; the contribution of each spouse to the acquisition of the marital property; and the conduct of the parties during the marriage.