

# Missouri Court of Appeals
## Southern District

### In Division

ADAM BINGHAM and IDA BINGHAM, )
)
    Plaintiffs-Appellants, )
)
v. )    No. SD37850
)    Filed: March 29, 2024
PHELPS COUNTY PUBLIC WATER )
SUPPLY DISTRICT # 4, )
)
    Defendant-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Circuit Judge

**VACATED AND REMANDED**

Adam and Ida Bingham (the Binghams) sued the Phelps County Public Water Supply District #4 (District) to challenge a lien filed by the District against the Binghams' property. In relevant part, the Binghams' verified petition for declaratory judgment alleged that: (1) the Binghams owned real estate within the District's boundaries; (2) the District charged the Binghams even though their residence was not connected to the District's sewer and water services; (3) the Binghams did not pay the District's charges; (4) the District asserted a lien on the Binghams' property; (5) section 22(a) of the Hancock

Amendment[1] prohibits the District from levying or increasing taxes without a vote of the people; (6) the District's charges were an unauthorized tax that violated the Hancock Amendment; (7) pursuant to section 23 of the Hancock Amendment, the Binghams' remedy was for declaratory and injunctive relief, as well as attorneys' fees and expenses; and (8) as taxpayers, the Binghams had standing to assert the Hancock Amendment claim.

In the judgment, the trial court declared that the District's lien against the Binghams' property was null and void. The court also decided that:

> [A]n analysis under the Hancock Amendment is unnecessary, as the evidence fails to prove that the User Charge Ordinance obligates [the Binghams] to pay any amount for the disputed period of October 2015 through September 2018, even assuming the validity of the ordinance.

In a timely motion to amend the judgment, the Binghams asked the trial court to issue a ruling on whether the District's charges were an unauthorized tax pursuant to the Hancock Amendment. In the motion to amend, the Binghams asserted that they needed a ruling on that question in order to determine their entitlement to an award of reasonable attorneys' fees. The trial court denied the motion. This timely appeal followed.

The Binghams present one point for decision. They contend the trial court erred in failing to declare whether the District's charges were unauthorized taxes imposed in violation of the Hancock Amendment. According to the Binghams, the trial court misapplied the law by declining to rule on that issue because the Binghams would be entitled to reasonable attorneys' fees and expenses if they prevailed on their Hancock Amendment arguments. We agree.

---

[1] "In 1980, Missouri voters approved article X, sections 16-24 of the Missouri Constitution, collectively referred to then and thereafter as the Hancock Amendment." *Zweig v. Metro. St. Louis Sewer Dist.*, 412 S.W.3d 223, 231 (Mo. banc 2013); *see* MO. CONST. art. X, § 22(a).

Section 23 of the Hancock Amendment states:

> Notwithstanding other provisions of this constitution or other law, any taxpayer of the state, county, or other political subdivision shall have standing to bring suit in a circuit court of proper venue and additionally, when the state is involved, in the Missouri supreme court, to enforce the provisions of sections 16 through 22, inclusive, of this article and, *if the suit is sustained, shall receive from the applicable unit of government his costs, including reasonable attorneys' fees incurred in maintaining such suit*.

MO. CONST. art. X, § 23 (italics added). As taxpayers residing within the District's boundaries, the Binghams have standing to bring a suit in circuit court to enforce the Hancock Amendment. The resolution of the charge and lien issue in their favor on other grounds did not affect their continued standing to get declaratory relief on the merits of the Hancock Amendment issue. *See id*. As they correctly argue, a successful Hancock Amendment suit carries with it the right to recover reasonable attorneys' fees and expenses. *See, e.g.*, *Zweig v. Metro. St. Louis Sewer Dist.*, 412 S.W.3d 223, 249 (Mo. banc 2013); *Blankenship v. Franklin Cnty. Collector*, 619 S.W.3d 491, 513 (Mo. App. 2021). The trial court denied the Binghams' request for attorneys' fees without ruling on the Hancock Amendment issue.

The Binghams preserved the issue for appellate review by raising it in a timely motion to amend the judgment. *See* Rule 78.07(c) Missouri Court Rules (2023) (in all cases, allegations of error relating to the form or language of the judgment must be raised in a motion to amend the judgment to be preserved for appellate review); *J.C.S. v. Missouri State Highway Patrol Crim. Recs. Repository*, 675 S.W.3d 712, 716 (Mo. App. 2023); *Pollard v. Pollard*, 401 S.W.3d 506, 512 n.4 (Mo. App. 2013); *Wood v. Wood*, 391 S.W.3d 41, 47 (Mo. App. 2012). The trial court's failure to rule on the Hancock Amendment issue was prejudicial to the Binghams. Without a ruling on the merits of that issue, this Court

3

cannot review the denial of attorneys' fees below.  *See, e.g.*, ***Blue Springs R-IV Sch. Dist. v. Sch. Dist. of Kansas City***, 415 S.W.3d 110, 115 (Mo. banc 2013) (reversing both the trial court's decision that a Hancock violation occurred and the award of attorneys' fees to the taxpayer-plaintiff); ***Zweig***, 412 S.W.3d at 249 (affirming the trial court's decision that a Hancock violation occurred and awarding taxpayer-plaintiff approximately $4.3 million for their attorneys' fees and an additional $470,000 in expenses).  Therefore, remand is required for that purpose.  *See, e.g.*, ***J.C.S.***, 675 S.W.3d at 718; ***Pollard***, 401 S.W.3d at 516; ***Wood***, 391 S.W.3d at 49-50.

We vacate the judgment and the trial court's order denying the motion to amend. The cause is remanded with instructions for the trial court to issue a new judgment that includes a ruling on the merits of the Hancock Amendment issue and, if a Hancock violation did occur, awards the Binghams' attorneys' fees and expenses.[2]


JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR

---

[2] During the pendency of this appeal, the Binghams filed a motion asking that they be awarded attorneys' fees on appeal.  Because there has been no decision on the merits of the Hancock Amendment issue yet, this request is premature.  If the Binghams are successful on their Hancock Amendment challenge, the trial court is ordered to address the issue of attorneys' fees on appeal as a part of the overall assessment of attorneys' fees and expenses to be awarded to a successful Hancock Amendment taxpayer-plaintiff.